Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| Máximo Rivera Millán<br><br>Querellante-Recurrente<br><br>v.<br><br>Bimmer Solution, LLC hnc Bimmer PR<br><br>Querellada-Recurrida | KLRA202300506 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm. CAG-2021-0002923<br><br>Sobre: Talleres de Mecánicas de Automóviles |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

Comparece la parte recurrente, Maximino Rivera Millán, (en adelante, "recurrente" o "parte recurrente"), para solicitarnos que se revise una *Resolución* dictada y notificada el 22 de agosto de 2023 por el Departamento de Asuntos del Consumidor, mediante la cual se le denegó la solicitud de reconsideración de una *Resolución* emitida el 14 de julio de 2023, notificada el 20 de julio de 2023.

Por los fundamentos que expondremos a continuación, se desestima el recurso de revisión judicial por falta de jurisdicción de este tribunal debido a su presentación tardía, vencido el término jurisdiccional provisto en la Regla 57 del Reglamento del Tribunal de Apelaciones.[1]

I

El 2 de diciembre de 2021, recurrente radicó una querella en el Departamento de Asuntos del Consumidor (en adelante,

---

[1] 4 LPRA Ap. XXII-B, R. 57.

"DACO").[2] Acaecidos varios asuntos procesales, el 14 de julio de 2023, notificada el 20 de julio de 2023, DACO emitió una *Resolución* en la cual desestimó la querella por "diversos incumplimientos" del recurrente. El 9 de agosto de 2023, el recurrente presentó *Moción en Solicitud de Reconsideración.* Arguyó que no procedía la desestimación de la querella, entre otras cosas, y solicitó la continuación de los procedimientos. No obstante, DACO sostuvo su determinación mediante *Resolución en Reconsideración,* emitida y notificada el 22 de agosto de 2023.

Inconforme, el 26 de septiembre de 2023[3], el recurrente presentó una *Revisión Administrativa* ante este foro revisor con el siguiente señalamiento de error:

> ERRÓ EL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN DEBIDO A QUE LA PARTE QUERELLANTE DEMOSTRÓ JUSTA CAUSA POR LA INCOMPARECENCIA A LA VISTA Y ASÍ DACO ABUSO [sic] DE SU DISCRECIÓN.

Examinado el recurso en su totalidad y, en aras de lograr el más justo y eficiente despacho, procedemos a establecer el derecho aplicable y resolver, en ausencia de la comparecencia de la parte recurrida, según nos permite la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones.[4]

II

**A. Jurisdicción**

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí.[5] Reiteradamente, se ha expresado que los tribunales debemos ser

---

[2] Se desconoce los detalles de la querella debido a que la misma no fue incluida en el Apéndice del recurso. Incluso, constamos que el Apéndice está incompleto debido a que no obran del expediente los documentos IX al XIV.

[3] Hubo deficiencia de aranceles por falta de sello al presentarse el recurso y la misma fue corregida el 26 de septiembre de 2023.

[4] *supra,* R. 7(B)(5).

[5] *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros*, 210 DPR 384, 394 (2022); *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022).

celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay.[6] De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes.[7] Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra.[8] Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires*.[9] Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.[10]

Por definición, un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito.[11] En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse.[12] Asimismo, el Tribunal Supremo ha establecido que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia.[13]

Una de las instancias en las que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[14] Esto ocurre debido a que su presentación carece de eficacia y no

---

[6] *Pueblo v. Ríos Nieves, supra.*
[7] *Pueblo v. Ríos Nieves, supra*; *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013).
[8] *Id.*
[9] *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).
[10] *Romero Barceló v. ELA*, 169 DPR 460, 470 (2006); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 370 (2003).
[11] *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 268 (2018).
[12] *Id.; Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Caro v. Cardona*, 158 DPR 592, 608 (2003); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).
[13] *Id.*, págs. 268-269; *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[14] *Id.; Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo.[15] Por tanto, estamos imposibilitados de atender recursos prematuros o tardíos.

En lo pertinente al asunto ante nuestra consideración, el Tribunal Supremo ha determinado que "[u]n recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre".[16] Particularmente, la desestimación de un recurso por ser tardío "priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro" mientras que la desestimación por prematuro le permite a la parte recurrente volver a presentarlo una vez el foro apelado resuelva lo que tenía ante su consideración o cumpla con los rigores que dispone nuestro ordenamiento sobre una efectiva notificación de un dictamen[17] Cónsono con lo anterior, la Regla 83(B) y (C) de Reglamento del Tribunal de Apelaciones faculta a este Tribunal de Apelaciones para desestimar, *motu proprio* o a solicitud de parte, un recurso por falta de jurisdicción.[18]

Por otro lado, la Sección 4.2 de la Ley Núm. 38-2017, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", conocida como la LPAUG,[19] provee que toda parte adversamente afectada por una orden o resolución final de una agencia administrativa, y que haya agotado todos los remedios provistos por la agencia o por el organismo apelativo correspondiente, podrá presentar un recurso de revisión dentro de un término de treinta (30) días, contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia, o a partir de la fecha aplicable, de las dispuestas

---

[15] *Id.*
[16] *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).
[17] *Id.*
[18] *Id.*, R. 83(B)(1) y (C).
[19] 3 LPRA § 9672.

en la Sec. 3.15 de la LPAU, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Por último, la Regla 57 del Reglamento del Tribunal de Apelaciones[20], establece que:

> El escrito inicial de revisión deberá ser presentado dentro del **término jurisdiccional** de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. (Énfasis nuestro).

Cónsono con lo anterior, la Regla 83(B)(1) y (C) de Reglamento del Tribunal de Apelaciones faculta a este Tribunal de Apelaciones para desestimar, *motu proprio* o a solicitud de parte, un recurso por falta de jurisdicción.[21]

### III

Según surge del expediente, la *Resolución en Reconsideración* fue emitida y notificada el 22 de agosto de 2023. El recurrente presentó el recurso de revisión administrativa el 26 de septiembre de 2023, fuera del término jurisdiccional dispuesto en la Regla 57 del Reglamento del Tribunal de Apelaciones.[22] Ante la presentación tardía, estamos privados de jurisdicción sobre el presente recurso. Por ende, tenemos la obligación ministerial de desestimar la reclamación sin considerar los méritos de la controversia, según nos faculta la Regla 83(B)(1) y (C) de Reglamento del Tribunal de Apelaciones.

### IV

---

[20] *supra*, R. 57
[21] *supra*, R. 83(B)(1) y (C).
[22] *supra*, R. 57.

Por los fundamentos antes expresados, se desestima el recurso de apelación por falta de jurisdicción de este tribunal debido a su presentación tardía, vencido el término jurisdiccional provisto en la Regla 57 del Reglamento del Tribunal de Apelaciones.[23]

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[23] *supra,* R. 57.