ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| DR. JAVIER CASTILLO GRANERO<br><br>Parte Apelante<br><br>v.<br><br>BAYAMÓN MEDICAL CENTER, CORP.<br><br>Parte Apelada | KLAN202400276 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV03776<br><br>Sobre: Ley de Represalia, Ley 115 del 20 de diciembre de 1991, Procedimiento Sumario, Daños y Perjuicios, Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 1 de abril de 2024.

Compareció ante este Tribunal la parte apelante, Dr. Javier Castillo Granero (en adelante, "doctor Castillo" o "Apelante"), mediante recurso de apelación presentado el 21 de marzo de 2024. Nos solicitó la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"), el 4 de marzo de 2024, notificada y archivada en autos el 8 del mismo mes y año.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso que nos ocupa.

**I.**

El presente caso se originó con la presentación de una "**Demanda**" por parte del doctor Castillo en contra de la parte apelada, Bayamón Medical Center, al amparo de la Ley Núm. 115-1991, según enmendada, conocida como la "Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo

o Judicial", 29 LPRA secs. 194 *et seq.* Es menester destacar que el Apelante se acogió al procedimiento sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la "Ley de Procedimiento Sumario de Reclamaciones Laborales", 32 LPRA secs. 3118 *et seq.*

Luego de varios trámites procesales impertinentes, el 4 de marzo de 2024, el TPI emitió una *Sentencia* mediante la cual desestimó, con perjuicio, la "**Demanda**" al entender que carecía de jurisdicción sobre la materia, en virtud de un presunto acuerdo de arbitraje. Dicho dictamen fue notificado y archivado en autos el 8 de marzo de 2024.

Inconforme con dicha determinación, el doctor Castillo presentó el recurso de apelación que nos ocupa y le imputó al foro primario la comisión del siguiente error:

> **COMETIÓ ERROR DE DERECHO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR [QUE] LA CL[Á]USULA DE ARBITRAJE ERA UNA OBLIGATORIA QUE LE PRIVABA DE JURISDICCIÓN PARA ATENDER EL CASO QUE NOS OCUPA**.

**II.**

**A.**

La Regla 83 (B)(1) y (C) del Reglamento de este Tribunal de Apelaciones dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso por razón de falta de jurisdicción. Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C). A su vez, nos faculta a que, *motu proprio* y en cualquier momento, desestimemos un recurso por no haberse perfeccionado conforme a la ley y a las reglas aplicables. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

**B.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660

(2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero *et al.* v. ARPe *et al.,* 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, 202 DPR 495, 501 (2019).

En lo particular, una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Íd.; Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 98 (2008). Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico. Íd.

**C.**

Sabido es que la Ley Núm. 2, *supra*, instituye un procedimiento sumario de adjudicación de pleitos laborales dirigidos a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos relativas a salarios, beneficios y derechos laborales. De ahí que se le imponga una carga procesal más onerosa a la parte con mayores medios económicos, el patrono. Rivera v. Insular Wire Products Corp., 140 DPR 912, 924 (1996).

A fin de lograr la consecución de dichos propósitos, el estatuto establece: (1) términos cortos para presentar la contestación de la querella

o demanda; (2) criterios para conceder una sola prórroga para la contestación de la querella o demanda; (3) un mecanismo para diligenciar el emplazamiento del patrono; (4) el proceso para presentar defensas y objeciones; (5) límites a la utilización de los mecanismos de descubrimiento de prueba; (6) la aplicabilidad limitada de las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con el procedimiento sumario; (7) que ninguna de las partes pueda someter más de un interrogatorio o deposición, ni está autorizado a tomar una deposición a la otra parte después de haber sometido un interrogatorio ni viceversa, excepto cuando concurran circunstancias excepcionales; y (8) la obligación de los tribunales de emitir sentencia en rebeldía cuando el patrono incumple con el término para contestar la querella o demanda. 32 LPRA sec. 3120; *véase*, Vizcarrondo v. MVM, Inc. *et al.*, 174 DPR 921, 929 (2008).

Cónsono con lo anterior, en reiteradas ocasiones el Tribunal Supremo ha establecido que los tribunales deben dar estricto cumplimiento al propósito de la medida legislativa, que es la celeridad y la rapidez del proceso. Dávila, Rivera v. Antilles Shipping Inc., 147 DPR 483, 493 (1999). Por ello, se ha enfatizado que la esencia y médula del trámite establecido por esta legislación "constituye el procesamiento sumario y su rápida disposición". Íd. Sin esta característica sumaria estaríamos ante un procedimiento ordinario más "en el cual la adjudicación final que oportunamente recaiga, resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial". Íd.

En lo aquí pertinente, la Sección 9 de la Ley Núm. 2, *supra*, dispone lo siguiente:

> Cualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia **podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.**
>
> La parte que se considere perjudicada por la sentencia que emita el Tribunal de Apelaciones, podrá acudir mediante auto de *Certiorari* al Tribunal Supremo de Puerto Rico, en el término jurisdiccional de veinte (20) días, contados a partir de la notificación de la sentencia o resolución del Tribunal de Apelaciones. 32 LPRA sec. 3127 (énfasis suplido).

De las transcritas disposiciones estatutarias se desprende palmariamente que una parte que ha sido afectada por la sentencia que emita el Tribunal de Primera Instancia en un procedimiento sumario laboral cuenta con un término jurisdiccional de diez (10) días para instar ante este foro apelativo intermedio un recurso de apelación. León Torres v. Rivera Lebrón, 204 DPR 20, 32 (2020). Precisa recordar que nuestro ordenamiento categóricamente establece que "[c]ontrario a un término de cumplimiento estricto, un término jurisdiccional es fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse". Martínez, Inc. v. Abijoe Realty Corp., 151 DPR 1, 7 (2000); *véanse, además*, Vélez v. A.A.A., 164 DPR 772, 786 (2005); Insular Highway v. A.I.I. Co., 174 DPR 739, 805-806 (2008).

**III.**

Conforme adelantamos en los acápites anteriores, la *Sentencia* cuya revisión el doctor Castillo solicita mediante el recurso que nos ocupa fue emitida el 4 de marzo de 2024 y **notificada el 8 de marzo de 2024**. Acorde con lo que estatuye la Ley Núm. 2, *supra*, el Apelante tenía un término jurisdiccional de diez (10) días para recurrir de la *Sentencia* mediante un recurso de apelación.[1] **Dicho término venció el 18 de marzo de 2024**. No obstante lo anterior, el recurso de apelación que nos ocupa fue presentado posterior a la expiración de dicho plazo, a saber, el **21 de marzo de 2024**. Tratándose de un término cuya naturaleza es jurisdiccional, no es susceptible de ser extendido y forzosamente debemos concluir que no tenemos jurisdicción para acoger el recurso presentado de forma tardía. Así pues, procede la desestimación del recurso de epígrafe.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso de apelación por falta de jurisdicción al haberse presentado tardíamente.

---

[1] Del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) no surge que el proceso se hubiera convertido al trámite ordinario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones