EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jorge E. Martínez, Inc.<br>    Apelado<br><br>    v.<br><br>Abijoe Realty Corp.<br>    Apelante<br><br>Corporación Liquidadora de Bienes, Inc.<br>    Interventora | Certiorari<br><br>2000 TSPR 73 |

Número del Caso: AC-2000-0001

Fecha: 12/05/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Igrí Rivera de Martínez

Abogados de la Parte Apelante:

>             Lcdo. Eduardo M. Joglar
>             Lcdo. Maximiliano Trujillo

Abogados de la Parte Apelada:

>             Lcdo. Luis A. Toledo
>             Lcdo. Oronte Oliveras Sifre

Abogado de la Parte Interventora:

>             Lcdo. Luis A. Rodríguez Nevárez

Materia: Ejecución de Sentencia

>     Este documento constituye un documento oficial del Tribunal
>     Supremo que está sujeto a los cambios y correciones del
>     proceso de compilación y publicación oficial de las
>     decisiones del Tribunal. Su distribución electrónica se hace
>     como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jorge E. Martínez, Inc.
   Demandante-Apelada

      v.

                             AC-2000-1

Abijoe Realty Corp.
   Demandada-Apelante
      v.

Corporación Liquidadora de
Bienes, Inc.
   Interventora-Apelada

Opinión del Tribunal emitida por el Juez Asociado señor Negrón García

San Juan, Puerto Rico, a 12 de mayo de 2000

    Este recurso, sencillo en su cronología procesal, nos permite examinar el alcance de la enmienda a la Regla 46 de Procedimiento Civil según la Ley Núm. 40 de 10 de enero de 1999, y su importancia respecto a las notificaciones de dictámenes que generan términos jurisdiccionales o de cumplimiento estricto.

I

    El 12 de mayo de 1999, el Tribunal de Primera Instancia, Sala Superior de Humacao (Hon. Luis A. Amorós Álvarez), dictó sentencia declarando con lugar la demanda sobre ejecución de hipoteca

presentada por Jorge E. Martínez, Inc., contra Abijoe Realty Corp., condenándole a pagar $140,666.62 por concepto de principal, intereses y honorarios de abogado. La sentencia fue debidamente archivada en autos y notificada el 17 de mayo. Oportunamente, el 27 de mayo, Abijoe solicitó determinaciones de hechos y conclusiones de derecho adicionales, así como reconsideración. Se denegaron ambas mociones el 3 de junio, archivadas en autos copias de sus notificaciones el 7 de junio, **pero, según estamos convencidos, depositada en el correo el día 9.**[1]

Inconforme, Abijoe presentó apelación ante el Tribunal de Circuito de Apelaciones el 9 de julio. Simultáneamente, la notificó por correo certificado a todas las partes en autos. El 20 de julio, el demandante, Martínez, Inc., pidió su desestimación por falta de jurisdicción. Argumentó que la apelación fue presentada fuera del término jurisdiccional de treinta (30) días, computado a partir del 7 de junio, fecha del archivo en autos de copia de la notificación de la denegatoria a la solicitud de determinaciones de hechos y derecho adicionales. **En su escrito, Martínez, Inc. no hizo ninguna referencia a la fecha en que fue depositada en el correo.**

El 5 de agosto, Abijoe se opuso. Invocó la enmienda a la Regla 46 de Procedimiento Civil y adujo que dicho

---

[1] Notamos que el 1 y 22 de junio, Abijoe presentó dos mociones de reconsideración más y un relevo de sentencia, respectivamente. Fueron denegadas. Sus trámites en nada alteran la cronología jurisdiccional sobre su apelación.

término comenzó a decursar el 9 de junio, día en que el tribunal de instancia realmente depositó en el correo el sobre con la notificación de la denegatoria de su solicitud de determinaciones de hecho y derecho adicionales. **Acompañó copia del sobre franqueado que contiene pre impreso la dirección del Tribunal de Primera Instancia, Sala de Humacao, Centro Judicial, sellado con el metro del correo el 9 de junio.** Ni Martínez, Inc., como tampoco interventora Corp. Liquidadora de Bienes, Inc., ni ninguna otra parte o persona notificada, comparecieron a cuestionar el planteamiento específico de, como cuestión de realidad, haberse depositado en el correo el día 9 el sobre conteniendo la resolución.

Aun así, el 30 de septiembre, el Tribunal de Circuito de Apelaciones (Jueces, Hons. Rivera de Martínez, Colón Birriel y Rivera Pérez), emitió sentencia y desestimó por falta de jurisdicción. Dicho foro, a pesar de citar la enmienda aludida introducida a la Regla 46, no mencionó ni expuso criterio sobre el planteamiento de Abijoe de que el depósito en el correo de la resolución de instancia fue posterior a su archivo. Abijoe pidió reconsideración **sin éxito.**

Contra dicha Sentencia acudió ante nos Abijoe, mediante el presente recurso.[2]

---

[2] Discute los siguientes señalamientos de error:

"A.   PRIMER ERROR

Incide en error manifiesto, grave, perjudicial y violatorio del derecho de apelación de Abijoe

II

Como apelación civil no procede ante nos el recurso de Abijoe bajo el Art. 3.002(b) y (c) de la Ley de la Judicatura, según enmendada. Un examen de la Sentencia del

---

Realty Corp. (Abijoe), la Sentencia del Tribunal de Circuito declarándose sin jurisdicción para considerar su apelación.

B.   SEGUNDO ERROR

La Sentencia priva a Abijoe de la protección de derechos sustantivos de propiedad garantizados y protegidos por el ordenamiento constitucional vigente en esta jurisdicción.

C.   TERCER ERROR

La Sentencia es nula absoluta pues fue dictada por un panel del Tribunal de Circuito cuya constitución y vigencia, viola el ordenamiento dispuesto en ley y por ende el debido proceso de ley, por lo que dicho panel carece de autoridad en ley para actuar sobre la apelación de Abijoe.

D.   CUARTO ERROR

La demandante coapelada Jorge E. Martínez Inc. está impedida por sus propios actos, de negar la jurisdicción del Tribunal de Circuito para revisar la Sentencia de Instancia por un alegado incumplimiento de Abijoe con el término apelativo, pues las actuaciones inducidas de la Secretaría de Instancia, y de Instancia propiamente al proceder a la ejecución y satisfacción de la sentencia para beneficio de la primera previo a que la misma adviniera final y firme, ya que son dichas actuaciones las que convirtieron el derecho de apelación de Abijoe en un ejercicio académico e inoficioso.

E.   QUINTO ERROR

La sentencia del Tribunal de Circuito priva a Abijoe de su derecho de propiedad de los intereses devengados por la suma principal depositada (y no pagada) por las porciones expropiadas del inmueble, por lo que la Ley Núm. 69 del 14 de agosto de 1991, 7 L.P.R.A. 253b, es inconstitucional".

Circuito, Apéndice y demás constancias revelan que su recurso no cumple los supuestos establecidos para ser atendido como apelación, a saber, recurrir contra una sentencia final en un caso civil en que se haya determinado la inconstitucionalidad de una ley, resolución conjunta, resolución concurrente, regla o reglamento de una agencia, o, en que se plantee la existencia de un conflicto entre sentencias del Tribunal de Circuito de Apelaciones en un caso civil apelado ante dicho tribunal.

Trazamos la ruta decisoria vía certiorari, siguiendo el Art. 3.002(b) de la Ley de la Judicatura, y la Regla 18(a) (2) de nuestro Reglamento.

### III

"La correcta notificación de una sentencia es característica imprescindible del debido proceso judicial." Rodríguez Mora v. García Llorens, res. en 17 de diciembre de 1998, 98 TSPR 169. Contrario a un término de cumplimiento estricto, el término jurisdiccional es **fatal, improrrogable e insubsanable**, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil (Michie, 1997) págs. 154-55. "Sólo los requisitos de cumplimiento estricto, no los jurisdiccionales, pueden eximirse por causa justificada oportunamente invocada." Colón Morales v. Rivera Morales, res. en 30 de octubre de 1998, 98 TSPR 144.

Dado el carácter fatal del término jurisdiccional de apelación (como el de otros certioraris especiales), es

imprescindible la pronta y correcta notificación a las partes de cualquier sentencia, resolución u orden judicial que genere esos términos. Aflora así, otra característica en los trámites de notificación, —no sólo respecto a los escritos judiciales, sino de las notificaciones inter partes— a saber, la **simultaneidad**.

Esta característica tiene tres vertientes justificativas. La primera, estrictamente jurisdiccional, emana del debido proceso de ley garantizado por la Constitución. En tanto "[e]l debido proceso de ley requiere, como regla general, la notificación o citación real y efectiva, ajustada a los preceptos estatutarios aplicables" —Asoc. de Residentes v. Montebello Development Corp., res. en 2 de mayo de 1995, 138 D.P.R. ___—, dicha notificación tiene que darse simultáneamente para así evitar un trato desigual entre las partes. García Claudio v. García Guevara, res. en 11 de junio de 1998, 98 TSPR 66.

La segunda vertiente, de índole procesal, subraya los efectos que la notificación de un dictamen judicial tendrá sobre las partes.

> "Una vez dictada una sentencia, las Reglas de Procedimiento Civil imponen al secretario del tribunal la obligación de notificar la misma cuanto antes a todas las partes afectadas, y archivar en autos copia de la constancia de dicha notificación. Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil. Su imperiosidad radica además, en el efecto que tiene dicha notificación sobre los procedimientos posteriores a la sentencia." Falcón Padilla v. Maldonado Quirós (res. en 31 de julio de 1995, 138 D.P.R. _____ (1995)).

El efecto de una tardanza en el envío por correo de la notificación de una sentencia es demorar el momento en que las partes efectivamente adquieren conocimiento. Por tanto, dicha notificación debe hacerse de modo que todas las partes mantengan al máximo posible su derecho a solicitar un remedio posterior a la sentencia en el tribunal de origen o, incluso, recurrir a un tribunal de superior jerarquía.

La tercera vertiente, más bien de índole administrativa, corresponde a la operación interna de las secretarías y su encausamiento por conducto de las oficinas que procesan la correspondencia de los tribunales. La normativa es, como regla general, lograr la simultaneidad del archivo en autos y la notificación.

Como situación de excepción, no es nuevo el problema de la discrepancia entre el archivo en autos y el depósito en el correo frente al cómputo del término de treinta (30) días para apelar, que comienza al día siguiente del archivo en autos de copia de la notificación de una sentencia.

> "Anticipamos, también, que en la eventualidad de que por la negligencia de algún funcionario de secretaría no aconteciera conforme a la mejor práctica, entonces se entendería 'que la misma fue archivada y el término comenzó a correr el día en que se cursó la notificación a las partes [ ... ].' Ello, así, con la evidente intención de proteger los derechos de la parte afectada por la demora en la notificación. Véase, además, Canales v. Converse de Puerto Rico, Inc., 129 D.P.R. 786, 790 (1992); Vda. de Carmona v. Carmona, 93 D.P.R. 140 (1966).
>
> No obstante, reconocimos allí y reiteramos ahora, que se trata de una situación de carácter

excepcional que sólo procede cuando 'una notificación tan tardía pudiera afectar el término para revisar'. <u>García Claudio</u> v. <u>García Guevara</u>, <u>supra</u>, pág. 1028." <u>Rodríguez</u> v. <u>A.R.P.E.</u>, res. en 26 de agosto de 1999, 99 TSPR 131.

IV

Con este sucinto trasfondo examinamos la enmienda a la Regla 46 que entró en vigor treinta (30) días luego de su aprobación. Dispone:

"Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo. **Si la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.**" (Énfasis en texto de la enmienda).

Su texto establece que los términos que se computan a partir del archivo en autos de copia de la notificación de una sentencia, resolución, orden, comenzarán a decursar a partir del depósito en el correo de la notificación del dictamen cuando esta fecha sea distinta a la del archivo en autos del mismo.

Su <u>Exposición de Motivos</u>, recoge el propósito de salvaguardar al máximo los derechos apelativos de las partes, **cuando la notificación postal no coincide con la**

**del archivo en autos del dictamen**. El Informe del Senado del 12 de noviembre de 1998 expone así su alcance:

> "El P. de la C. 1962, tiene por objeto enmendar la Regla 46 de Procedimiento Civil de 1979, a los efectos de establecer que la fecha de archivo en autos de la notificación de cualquier sentencia, resolución u orden será la fecha de depósito en el correo. Esto es así ya que la enmienda que practica esta medida dispone que si la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la fecha de la puesta en el correo de la notificación, prevalecerá esta última fecha.
>
> En este informe se practica una enmienda técnica que consiste en añadir la palabra 'resolución' en el texto de la medida, que por inadvertencia se omitió, ya que en el título de la medida se incluye.
>
> Es la intención legislativa **que todos los términos que apliquen a sentencias, resoluciones y órdenes de los tribunales efectivamente empiecen a correr desde la fecha del depósito del sobre conteniendo la notificación en el United States Postal Service**; esto significa que no se considerará depósito en el correo la fecha del metro de correspondencia del tribunal, sino la fecha del **matasellos** del correo federal, si es que el correo le impone una fecha diferente a la del metro de correspondencia." (Énfasis suplido).

Adviértase que la Ley Núm. 40 que nos ocupa enmendó sólo la Regla 46 de Procedimiento Civil y que existen tres (3) disposiciones legales que permanecieron inalteradas y contienen el lenguaje clásico de que un apelante tendrá treinta (30) días, "contados a partir del archivo en autos de una copia de la notificación de la sentencia". (Véase Art. 4.002 del Plan de Reorganización de la Rama Judicial, Ley de 28 de julio de 1994, 4 L.P.R.A. sec. 22k (a); Regla

53.1(a) de Procedimiento Civil; y Regla 13(A) del Reglamento del Tribunal de Circuito de Apelaciones).

Es evidente que la enmienda introducida no varía la regla general y su contenido más bien versa sobre la **forma de computarse el término**. En buena técnica de redacción legislativa debió ubicarse en la Regla 68.3, <u>in fine</u>, de Procedimiento Civil.

Aun así, la cuestión no altera la obvia intención legislativa y los términos de esta decisión. Del Informe del Senado surge claramente el propósito de hacer extensiva la fecha de depósito en el correo a **todos** los casos de discrepancia entre ésta y la fecha del archivo en autos de copia de una sentencia, resolución u orden. Debe entenderse entonces, por analogía sustentada en el récord legislativo, que, cuando no hay simultaneidad, la fecha del depósito en el correo es el punto de origen y aplica a todos los términos jurisdiccionales y aquellos recursos de <u>certiorari</u> de cumplimiento estricto.

Ha sido preocupación en el seno del Tribunal, el peligro potencial que podría representar la mala utilización de otro sobre originado en el mismo tribunal, en un caso distinto, con fecha propicia para manipular, por vía de la fecha del franqueo, la notificación real del archivo en autos y su depósito en el correo. Esta inquietud responde a la realidad de que diariamente las secretarías de nuestros tribunales generan miles de notificaciones cursadas por correo en sobres franqueados con los metros postales asignados a cada sede. Como los

sobres ni las fechas del franqueo postal en ellos impresos quedan relacionados ni identificados en su exterior con el escrito que contienen, la única forma de evitar totalmente el potencial de la mala práctica señalada, requeriría que cualquier metodología –mecánica o manual– identificara cada uno de los miles de sobres[3] con el número del caso y detallará si se trata de una sentencia, resolución u orden. De más está decir, lo costoso que ello sería, exacerbando nuestras limitaciones presupuestarias, afectando el mejor uso del personal, y la buena marcha del Tribunal.

La implantación de las mejores normas y procedimientos administrativos que permitan alcanzar la simultaneidad entre el archivo en autos y la notificación por correo pertenece a la **esfera del control administrativo** de cada sede del Tribunal. Su solución consiste en lograr la coordinación necesaria entre la función de notificaciones y la sección interna de correos. La meta es establecer una regularización en el envío de las notificaciones de sentencias, resoluciones y órdenes a las partes. **La secretaría del tribunal debe remitir dichas notificaciones a la división de correos el mismo día en que conste el archivo en autos. Una vez sellados y franqueados los sobres, el funcionario de**

---

[3] Inmunizar el sistema frente a ese potencial mal uso, impondría a las secretarías la obligación de identificar en el exterior de los sobres asuntos que no lo ameritan, como son los **ex parte** y escritos conteniendo mociones en las que los términos no son jurisdiccionales ni de cumplimiento estricto.

**correos deberá depositar dicha correspondencia en hora hábil ese día, directamente en la oficina de correos (U.S.P.S.). Cuando se aparte de esa práctica por alguna razón justificada,[4] debe levantarse un acta o anotarse en un registro las razones que impidieron el envío oportuno. De éste modo, cualquier alegación de parte afectada debido a la falta de simultaneidad entre el archivo en autos y su envío podrá corroborarse con los récords oficiales del tribunal correspondiente.**

Aclarado estos extremos, no podemos pasar por alto que la enmienda a la Regla 46 afecta también la práctica apelativa en lo relativo a la necesidad de todo apelante o peticionario acreditar e incluir, como parte del Apéndice, los documentos demostrativos de la jurisdicción, de modo que el tribunal apelativo pueda constatar sus bases jurisdiccionales. Regla 17, nuestro Reglamento; Regla 16, Reglamento del Tribunal de Circuito de Apelaciones. Cuando la fecha del archivo en autos fuere distinta a su depósito en el correo, la mejor práctica a seguir por un apelante o peticionario sería **<u>incluir</u> en el Apéndice de su escrito** –junto al recibo del archivo en autos con copia de la notificación de sentencia–, **copia del sobre sellado y timbrado en que**

---

[4] Tomamos conocimiento judicial de interrupciones al sistema de energía eléctrica, desalojo de las facilidades del tribunal debido a eventos impredecibles, y desperfectos mecánicos o agotamiento de los materiales básicos que se usan en la maquinaria de franquear los sobres.

**consta la fecha del depósito en correo de la notificación del dictamen judicial correspondiente.**[5]

Claro está, de surgir cualquier discrepancia, la parte opositora podrá en forma fehaciente traerlo a consideración del tribunal y a la luz de la totalidad de las circunstancias, incluida una certificación de la secretaría del tribunal de origen en cuanto al trámite específico de la correspondencia y notificación del día particular.[6]

V

Con vista a esta normativa, no cabe duda que en el caso de autos, el tribunal de instancia dictó sentencia el 12 de mayo de 1999, (notificada a las partes y archivada en autos el 17 de mayo), por lo que la oportuna presentación por Abijoe el 27 de mayo de una solicitud de determinaciones de hechos y conclusiones de derecho adicionales -que cumplía con los parámetros establecidos en Andino v. Topeka, Inc., res. en 10 de abril de 1997, 142 D.P.R. _____ (1997)-, **interrumpió el término jurisdiccional para recurrir en alzada hasta tanto el tribunal de instancia archivase en autos copia** de la

_____

[5] De más está decir que bajo la obligación ética de veracidad requerida por la Regla 9 de Procedimiento Civil y los Cánones 9 y 12 de Conducta Profesional, cualquier alteración o uso indebido de un sobre, estaría sujeto no sólo a sanciones económicas, sino disciplinarias contra el abogado.

[6] Situación que una vez implantada la coordinación entre la secretaría y la sección de correo del tribunal, visualizamos que sólo ocurrirá en las situaciones excepcionales e imprevistas antes mencionadas. (Véase escolio 4).

notificación de la resolución adjudicándola. Regla 43.4 de Procedimiento Civil.

Subsiguientemente, cuando el Tribunal la denegó el 3 de junio, y notificó su archivo en autos el 7 de junio –**pero la depositó en el correo el 9 de junio**–, fue que comenzó el término para Abijoe apelar la sentencia. Dicho término, computado desde el 10 de junio (Regla 68.1) venció el viernes 9 de julio, fecha en que efectivamente Abijoe presentó y notificó su apelación, esto es, dentro del plazo de treinta (30) días. **El Tribunal de Circuito de Apelaciones tenía jurisdicción, y por ende, la obligación de atenderla.**[7]

_____

[7] Según indicado, la norma general parte de la base de que hay simultaneidad entre el archivo y el depósito en el correo. Al respecto, subsisten varias disposiciones que toman el archivo en autos como punto de partida para computar el término. Cuando estamos ante la situación que produce la norma general, se justifica que no sólo exijamos se incluya en el Apéndice copia del volante de notificación, como prueba fehaciente para la determinación de jurisdicción, sino que imprimamos a esa omisión cariz de falta de jurisdicción. Al respecto, hemos resuelto que si no se incluye el volante de notificación en el Apéndice dentro del término establecido para presentar el recurso, éste no se perfecciona a tiempo y priva al tribunal de jurisdicción. En otras palabras, omitir el volante de notificación en el Apéndice, en casos que se rigen por términos jurisdiccionales, conlleva que el Tribunal carezca de jurisdicción.

En el caso de referencia, el Reglamento de este Tribunal y del Circuito no exigen taxativamente la inclusión del sobre, pues fueron aprobados antes de la Ley Núm. 40. Estamos ante una situación que se aparta de la norma general de simultaneidad y configura una anomalía indeseable causada por la Secretaría del Tribunal recurrido. La mejor práctica es que se incluya en el Apéndice el sobre de envío. Sin embargo, no podemos concluir que su omisión produce automáticamente y de forma fatal la falta de perfeccionamiento del recurso en tiempo, que a su vez genera la falta de jurisdicción. Ahora bien, si una vez señalada la falta, el peticionario

A la luz de lo antes expuesto, al amparo de la Regla 50 de nuestro Reglamento, se expedirá el auto y dictará sentencia revocatoria devolviendo el caso al foro apelativo.[8]

Se dictará la correspondiente Sentencia.[9]


ANTONIO S. NEGRÓN GARCÍA
Juez Asociado

---

o apelante (según sea el caso) la subsana con prontitud, el tribunal no carecería de jurisdicción. Esa es la situación de autos.

[8] Lo resuelto torna innecesario discutir los restantes señalamientos de error.

[9] Por la naturaleza de algunos de nuestros pronunciamientos de control administrativo, se ordena la notificación de la presente Opinión y Sentencia a la Oficina de la Directora de la Administración de los Tribunales, Hon. Mercedes M. de Bauermeister, para la verificación e implantación correspondiente en las secretarías de los tribunales.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jorge E. Martínez, Inc.
    Demandante-Apelada

          v.
                                          AC-2000-1
Abijoe Realty Corp.
    Demandada-Apelante
          v.

Corporación Liquidadora de
Bienes, Inc.
    Interventora-Apelada


SENTENCIA


San Juan, Puerto Rico, a 12 de mayo de 2000


        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se expide el auto, revoca la Sentencia del Tribunal de Circuito de Apelaciones fechada 30 de septiembre de 1999, y en su lugar, se le instruye que asuma jurisdicción en la apelación allí presentada por Abijoe Realty Corp.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre en el resultado sin opinión escrita. El Juez Presidente señor Andréu García inhibido.


                        Isabel Llompart Zeno
                         Secretaria del Tribunal Supremo