Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| HOSPITAL ESPAÑOL AUXILIO MUTUO<br><br>Peticionario<br><br>v.<br><br>UNIDAD LABORAL DE ENFERMERAS (OS) Y EMPLEADOS DE LA SALUD<br><br>Recurrida | KLCE202400227 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.<br>SJ2023CV02019<br><br>Sobre:<br>Revisión de Laudo |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de abril de 2024.

Comparece el Hospital Español Auxilio Mutuo (parte peticionaria u Hospital) y solicita que revoquemos la *Sentencia* emitida el 20 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), notificada y archivada en autos el 24 de enero de 2024.[1] Mediante el referido dictamen, el foro primario declaró con lugar la solicitud de *Desestimación* presentada por la Unidad Laboral de Enfermeras(os) y Empleados de la Salud (Unidad Laboral o parte recurrida) y,[2] consecuentemente, por falta de jurisdicción sobre la materia, desestimó la *Petición de Impugnación de Laudo de* Arbitraje, presentada por la parte peticionaria el 6 de marzo de 2023.[3]

Por las razones que expondremos a continuación, expedimos el auto de c*ertiorari* y confirmamos la determinación recurrida. Veamos el tracto procesal y las normas jurídicas que sostienen nuestra determinación.

---

[1] Apéndice de la Petición de *Certiorari*, Anejo I, págs. 1-3; Anejo II, págs. 4-10.
[2] *Íd.,* Anejo VII, págs. 22-30.
[3] *Íd.,* Anejo XI, págs. 42-506.

**-I-**

El caso ante nuestra consideración tiene su génesis al 6 de marzo de 2023 cuando el Hospital presentó una *Petición de Impugnación de Laudo de Arbitraje* en contra de la Unidad Laboral.[4] En la misma solicitó la revocación de un laudo de arbitraje emitido el 3 de febrero de 2023, notificado y archivado en autos ese mismo día, por el Negociado de Conciliación y Arbitraje (Negociado) en los casos A-19-2074, A-19-2244 y A-19-2312.[5] Por medio de dicho laudo, el Negociado determinó que el despido de la señora Zenaida González Díaz (señora González Díaz o querellante), quien trabajó como Oficial de Registración en el Departamento de Clínicas Externas del Hospital, fue injustificado. Consecuentemente, el Negociado revocó el despido de la querellante y ordenó la reposición o reinstalación de la señora González Díaz en el empleo con paga atrasada a la fecha de su despido.

Así las cosas, el 6 de marzo de 2024 el Hospital presentó ante el TPI su *Petición de Impugnación de Laudo de Arbitraje.* El 8 de marzo de 2023, la Secretaría del TPI emitió una *Notificación de Secretaría*, notificada y archivada en autos ese mismo día, en la cual se consignó que, luego de evaluar la petición, no encontró razón para justificar el impago de los aranceles correspondientes. Por lo tanto, ordenó a la parte peticionaria a pagar el arancel por la cantidad de $90.00. Además, la Secretaría del foro primario advirtió que, hasta tanto el Hospital no mostrara estar exento de dicho pago o pagara ese arancel,

---

[4] *Íd.*

[5] *Íd.*, págs. 68-97. El laudo de arbitraje del caso de epígrafe versa sobre los siguientes casos presentados por la Unidad Laboral:

> **Caso A-19-2074**, radicado ante el Negociado de Conciliación y Arbitraje el 28 de mayo de 2019, el cual contempla un informe de intervención (amonestación escrita) del 2 de mayo de 2019.

> **Caso A-19-2244**, radicado ante el Negociado de Conciliación y Arbitraje el 19 de junio de 2019, el cual contempla una suspensión de empleo y sueldo por dos (2) días, expedida el 3 de mayo de 2019.

> **Caso A-19-2312**, radicado ante el Negociado de Conciliación y Arbitraje el 28 de junio de 2019, el cual contempla el despido de la Sra. Zenaida González Díaz, efectivo el 5 de junio de 2019. *Íd.,* pág. 69. (Énfasis en el original).

el caso de epígrafe se daba por no presentado a tenor con las Directrices Administrativas del *Sistema Unificado para el Manejo y Administración de Casos* (SUMAC).[6]

El 10 de marzo de 2023, el Hospital presentó una *Moción al Expediente Judicial sobre Petición de Impugnación de Laudo de Arbitraje*, junto a la que acompañó una *Declaración Jurada* de la señora Odette Castillo Ochart (señora Castillo Ochart), Asistente Administrativa del bufete Sánchez Betances, Sifre & Muñoz Noya, narrando la situación enfrentada por ella cuando intentó presentar la aludida petición mediante SUMAC.[7] Por medio de esa *Declaración Jurada*, y en lo pertinente, la señora Castillo Ochart expresó lo siguiente:

> 2. Como parte de mis funciones, el día 6 de marzo de 2023 realicé los pasos requeridos a través del sistema SUMAC para la presentación de un recurso de Impugnación de laudo en el que la parte recurrente lo es el Hospital Español Auxilio Mutuo de Puerto Rico y la parte recurrida lo es la ULEES, firmado electrónicamente por la Lcda. Claribel Ortiz Rodríguez.
>
> . . . .
>
> 4. El día 6 de marzo de 2023, utilizando el sistema SUMAC intenté radicar la Petición de Impugnación de Laudo. Una vez finalic[é] de subir los documentos a ser radicados, el sistema no me permitió continuar con el proceso y me llev[ó] a la p[á]gina inicial del proceso de radicación.
>
> 5. Ante lo anterior, nuevamente traté de radicar el escrito comenzando desde el principio del proceso y al finalizar de entrar todos los documentos el sistema pregunta si est[á] exento de pagar aranceles o no, indiqué que cancelaba y el sistema no me proveyó la alternativa para pagar los aranceles y procedió a culminar el proceso de radicación.
>
> 6. El sistema SUMAC le otorgó el siguiente número al caso: SJ2023CV02019.
>
> 7. Corroboré en el sistema la presentación del documento en el sistema SUMAC.

---

[6] *Íd.,* Anejo X, págs. 40-41; Véase, "Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos", 2021, en *https://poderjudicial.pr/Documentos/SUMAC/Directrices-Administrativas.pdf* (última visita, 11 de marzo de 2024).
[7] Apéndice de la Petición de *Certiorari,,* Anejo VIII, págs. 31-36.

8. La licenciada Ortiz Rodriguez [abogada de la parte peticionaria] me indicó que recibió un correo electrónico en su correo electrónico notificando la emisión del comprobante correspondiente pero que no se incluyó el comprobante ni se podía ver en el sistema. (Véase **Anejo I**)

9. Por ello, generé una llamada telefónica al personal de SUMAC quienes me indicaron que había habido un error en el sistema pero que el caso estaba presentado.

10. Recibí un comprobante que establecía que el caso fue presentado sin problemas, pero el personal de SUMAC me indicó que no hiciera nada hasta recibir un correo electrónico.

11. No obstante, entré al sistema SUMAC y verificamos que el caso estaba presentado en el sistema y apareció con número de caso asignado y presentado el día 6 de marzo de 2023.

12. Posteriormente los días 7 y 8 de marzo de 2023 me comuniqu[é] con Secretaría para verificar que estaba sucediendo con el escrito y para pagar los aranceles correspondientes. En Secretaría me transfirieron al Supervisor de Servicios Técnicos indicándome éste que ten[í]a que esperar a que se emitiera una deficiencia para entonces poder pagar los aranceles.

13. Que el 8 de marzo de 2023, me comuniqu[é] con Secretar[í]a nuevamente y ellos me indicaron que el sistema estaba atrasado en la identificación de los casos radicados y que la persona encargada de registración de los casos todavía no había llegado al n[ú]mero del caso antes mencionado. Insistimos en que teníamos que pagar los aranceles y nuevamente nos indicaron que para pagarlos físicamente teníamos que esperar a que emitieran el aviso de deficiencia.

14. Luego de la llamada relatada en el párrafo anterior, Secretar[í]a procedió a emitir el aviso de deficiencia y procedimos a ir a Secretar[í]a para presentar el arancel correspondiente a la radicación por $90.00. (Véase **Anejo II**)

15. De conformidad con lo antes indicado en mi declaración, por causas atribuibles al sistema de SUMAC fue que no se pudo pagar los aranceles al momento de la radicación y los mismos fueron pagados tan pronto se nos indicó que podíamos hacerlo.

. . . .[8]

El 12 de marzo de 2023, la parte recurrida presentó una petición de *Desestimación* por la cual arguyó, en síntesis, que el foro *a quo* carecía de jurisdicción dado a que la parte peticionaria incumplió con

---

[8] *Íd.,* págs. 33-34.

el pago de arancel dentro del término de treinta (30) días que tenía para presentar el recurso de impugnación del laudo laboral.[9]

El 11 de abril de 2023, el Hospital presentó una *Moción en Cumplimiento de Orden y en Oposición a Desestimación* en la que reiteró los hechos narrados por la señora Castillo Ochart mediante su *Declaración Jurada*.[10] Además, la parte peticionaria arguyó por primera vez en dicha solicitud de desestimación que, luego de comunicarse con el personal del Servicio Técnico de SUMAC, "**[n]os informaron que no se podía efectuar pago mediante SUMAC ni personalmente hasta tanto se recibiera el correo electrónico**".[11]

El 20 de enero de 2024, el TPI emitió una *Sentencia*, notificada y archivada en autos el 24 de enero de 2024,[12] por la cual declaró con lugar la solicitud de *Desestimación* presentada por la Unidad Laboral el 12 de marzo de 2023 y,[13] consecuentemente, desestimó el caso de epígrafe. El foro *a quo* fundamentó su determinación en que la petición para impugnar el laudo de arbitraje no se perfeccionó dentro de los treinta (30) días jurisdiccionales que tenía la parte para presentar la solicitud de revisión. Además, el TPI no pudo concluir que la deficiencia del pago de arancel se debió a un error del sistema de presentación o del tribunal máxime cuando el 8 de marzo de 2023 la Secretaría notificó que la referida petición no estaba exenta de pagar el arancel y le advirtió a la parte peticionaria que no se daba por presentado el recurso hasta que se pagara el arancel, a tenor con las Directrices Administrativas, *supra*.

Inconforme, el 23 de febrero de 2024, la parte peticionaria acudió ante nos mediante el presente recurso de *certiorari*, en el cual le atribuyó al TPI la comisión de los siguientes errores:

1. **Erró la juez en su Sentencia al omitir que antes de ser requerido por el Tribunal, la parte peticionaria había**

---

[9] *Íd.,* Anejo VII, págs. 22-30.
[10] *Íd.,* Anejo IV, págs. 12-19.
[11] *Íd.,* pág. 13. (Subrayado y énfasis en el original).
[12] *Íd.,* Anejo II, págs. 4-10.
[13] *Íd.,* Anejo VII, págs. 22-30.

presentado una **Moción** fechada 10 de marzo de 2023 en la que se explicaron los problemas técnicos habidos para la presentación del escrito y se incluyó como prueba el Comprobante "generado por SUMAC" el 6 de marzo de 2023, comprobante y una declaración jurada sobre los hechos sustentando dichos problemas técnicos.

2. Erró la juez al incurrir en descuido craso al aseverar que la parte peticionaria "presentó su escrito pasado el término, el 11 de abril de 2023", al no reconocer en la Sentencia que la parte peticionaria presentó su explicación sobre los problemas técnicos confrontados antes de que el Tribunal emitiera orden al respecto.

3. Erró la Juez al no reconocer que el término concedido por ella para la presentación de la moción en cumplimiento de orden fue de treinta [(30)] días y no de veinte (20) días, como recogió en la Sentencia, por lo que no es correcto que el escrito de la parte peticionaria se presentara pasado el término dispuesto por ella.

4. Erró la juez al incurrir en descuido craso y abuso de discreción al determinar que la parte peticionaria presentó su moción en cumplimiento de orden pasado el término.

5. Erró la juez al no expresar las razones por las que procedió a desestimar el recurso y al incurrir en perjuicio y parcialidad al emitir la Sentencia desestimando el recurso.

En síntesis, la parte peticionaria plantea que procede revocar la *Sentencia* recurrida porque el foro *a quo* no incluyó las determinaciones de hechos que lo llevaron a desestimar su caso, y que la deficiencia del pago de arancel se debió a problemas técnicos del propio SUMAC y no por razones intencionales.

Por su parte, la parte recurrida compareció ante nos el 11 de marzo de 2024, y alegó que el TPI nunca adquirió jurisdicción. Lo anterior, pues según sostuvo al momento de presentar la petición de impugnación del laudo de arbitraje en cuestión, la parte peticionaria no canceló los aranceles requeridos por ley, lo cual, a su vez, dio paso a que no se perfeccionara ese recurso.

El 15 de marzo de 2024, la parte peticionaria presentó una *Moción Solicitando Autorización para Presentar Breve Réplica a Moción en Oposición a Certiorari*. También presentó una *Réplica a Oposición a Certiorari* por la cual aclaró que el Hospital efectuó el pago de arancel el 8 de marzo de 2023 y no el 10 de marzo de 2023 tal como alegó la

parte recurrida en su *Oposición a Certiorari*. Además, según sostuvo la parte peticionaria, el foro primario debió haber reconocido la existencia del comprobante emitido por SUMAC el 6 de marzo de 2023 ante la radicación electrónica del recurso de revisión del laudo, y debió haber realizado una investigación sobre los problemas confrontados durante esa presentación, al igual que las instrucciones impartidas por el personal técnico y la Secretaría para el aludido pago del arancel.

En vista del error imputado al TPI, exponemos la normativa jurídica atinente a este recurso.

**-II-**

**-A-**

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción confiada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65; *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019). La Regla 52.1 de Procedimiento Civil, *supra*, dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ, supra*, pág. 175. Además, cuando se trata de la revisión de cualquier resolución u orden o sentencia final sobre un laudo de arbitraje del TPI, se presentará un

auto de *certiorari* dentro de un término estricto de treinta (30) días siguientes a la fecha del archivo en autos de una copia de la notificación de la notificación u orden recurrida, a tenor con la Regla 32 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 32; *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1, 23 (2011). Por su parte, cuando se consideran remedios post sentencia, nos corresponde evaluar la situación al amparo de las disposiciones de la Regla 40 del Reglamento de este Tribunal, *supra*, R. 40, la cual establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

-B-

La jurisdicción es el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135 (2023); véase, además, *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021); *Allied Management Group,*

*Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Para adjudicar un caso ante sí, los tribunales deben ostentar jurisdicción sobre la materia y sobre la persona. *Advantage, Inc. v. Fossas Blanco*, *supra*, pág. 600; véase, además, *Shell v. Srio. De Hacienda*, 187 DPR 109, 122 (2012). La jurisdicción sobre la materia se refiere a la capacidad de los tribunales para atender y resolver una controversia respecto a un aspecto legal. *MCS Advantage, Inc. v. Fossas Blanco*, *supra*; *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, *supra*, pág. 101.

Nuestro máximo foro ha resuelto que los asuntos relacionados a la jurisdicción son privilegiados y se deben atender primero. *Allied Management Group, Inc. v. Oriental Bank*, *supra*, pág. 386. Lo anterior ya que una sentencia dictada sin jurisdicción es nula en derecho, y, por ello, inexistente. Íd. Es por ello que cuando un tribunal determina que no ostenta jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo. Íd., págs. 386-387. Del mismo modo, los foros adjudicativos deben examinar no solo su propia jurisdicción sino también la del foro inferior. Íd., pág. 387.

Es norma conocida que un término de cumplimiento estricto puede ser prorrogado por los tribunales. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013). Para prorrogar ese término, por lo general, se requiere que la parte que solicita la prórroga o actúa fuera de dicho término, presente justa causa por la cual puede o no pudo cumplir con el término. Íd. Asimismo, la acreditación de justa causa "se hace con explicaciones concretas y particulares —debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa". *Febles v. Romar*, 159 DPR 714, 720 (2003). **No es así con los términos jurisdiccionales, "cuyo incumplimiento impide la**

**revisión judicial por privar de jurisdicción a los tribunales**". *Soto Pino v. Uno Radio Group, supra*, pág. 93; véase, además, *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393 (2012). Ello se debe a que **los términos jurisdiccionales son fatales, improrrogables e insubsanables**, por lo cual no se pueden acortar ni extender. *Jorge E. Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

-C-

En nuestro sistema jurídico existe una política pública a favor del arbitraje obrero-patronal como "un método alterno ideal, flexible y menos oneroso que el litigio judicial, para dirimir las disputas que emanan de la relación laboral". *Unión General de Trabajadores v. Centro Médico del Turabo, Inc.*, 2023 TSPR 86, 212 DPR ___; véase, además, *Ley de Arbitraje Comercial en Puerto Rico*, Ley Núm. 376 del 8 de mayo de 1951, según enmendada, 32 LPRA secs. 3201 *et seq.*; *H.R., Inc. v. Vissepo & Diez Constr.*, 190 DPR 597 (2014). Es por ello que las partes pueden obligarse a llevar un proceso de arbitraje "las posibles controversias futuras derivadas de su relación contractual". *H.R., Inc. v. Vissepo & Diez Constr.*, *supra*, pág. 605. No obstante, el arbitraje es exigible solamente cuando las partes lo hayan pactado. Íd., pág. 387; *S.L.G. Méndez Acevedo v. Nieves Rivera*, 179 DPR 359, 368 (2010).

También se ha reconocido que las determinaciones de los árbitros "están revestidas de gran deferencia". *Unión General de Trabajadores v. Centro Médico del Turabo, Inc.*, *supra*; véase, además, *Unión General de Trabajadores v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 955 (2022). En esa misma línea, la revisión de los laudos se ajusta a determinar la "existencia de fraude, conducta impropia, falta del debido proceso de ley, violación a la política pública, falta de jurisdicción o que el laudo no resuelva todos los asuntos litigiosos". *Unión General de Trabajadores v. Centro Médico del Turabo, Inc.*, *supra*, pág. 955-956; véase, además, *C.F.S.E. v. Unión de Médicos*, 170 DPR 443, 449 (2007); *Indulac v. Central General de Trabajadores*, 207 DPR

279, 295 (2021); *Aquino González v. A.E.E.L.A.*, 182 DPR 1, 12 (2011). Sin embargo, cuando las partes acuerdan que el laudo sea emitido a tenor con el derecho, los tribunales podrán atender el caso en los méritos y corregir errores jurídicos conforme al derecho aplicable. Íd., pág. 956; véase, además, *C.F.S.E. v. Unión de Médicos, supra*, pág. 449; *Unión General de Trabajadores v. Centro Médico del Turabo, Inc., supra*. Asimismo, en esos casos, la "revisión judicial será más incisiva, análoga al escrutinio de las decisiones administrativas". *Unión General de Trabajadores v. Centro Médico del Turabo, Inc., supra*; *Depto. Educ. v. Díaz Maldonado*, 183 DPR 315, 326 (2011); *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1, 33 (2011).

Por otro lado, el recurso a utilizarse para impugnar los laudos de arbitraje obrero-patronal, "no se rige por el trámite procesal común y corriente de las acciones civiles ordinarias, gobernadas por las Reglas de Procedimiento Civil". *Unión General de Trabajadores v. Centro Médico del Turabo, Inc., supra*, pág. 956 (citando a R. Hernández Colón, *Derecho procesal civil*, 5ta ed. rev., San Juan, Lexis Nexis, 2010, pág. 512). En esas instancias, la revisión de los laudos de arbitraje es análoga a la revisión judicial de decisiones administrativas. *Unión General de Trabajadores v. Centro Médico del Turabo, Inc., supra*, pág. 956; *Depto. Educ. v. Díaz Maldonado, supra*, pág. 326; *C.F.S.E. v. Unión de Médicos, supra*, pág. 449. Por lo tanto, el procedimiento aplicable para la impugnación de laudos de arbitraje obrero-patronal "será similar al utilizado cuando el tribunal, actuando como foro apelativo, revisa la corrección o incorrección de la sentencia emitida por un tribunal inferior o la decisión de un organismo administrativo, de conformidad con las Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal [de Primera Instancia]". *Unión General de Trabajadores v. Centro Médico del Turabo, Inc., supra*, pág. 957 (citando a *Corp. Cred. Des. Com. Agrícola v. U.G.T.*, 138 DPR 490, 494 (1995)); véase, además, *Rivera v. Dir. Adm. Trib.*, 144 DPR

821-822 (1998). Así las cosas, el término para presentar recursos de revisión de los laudos emitidos por el Negociado de Conciliación y Arbitraje será de **treinta (30) días improrrogables**, contados a partir del archivo en autos de la copia de la notificación del laudo. *Unión General de Trabajadores v. Centro Médico del Turabo, Inc.*, *supra*, pág. 957; véase, además, *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, 116 DPR 348, 355 (1985).

-**D**-

En lo concerniente al caso de epígrafe, las Directrices Administrativas, *supra*, del SUMAC establecen que:

> **10.** *Notificación de deficiencia*: **De no haberse realizado la presentación electrónica correctamente o ante la insuficiencia del pago de aranceles, la Secretaria o el Secretario Auxiliar del Tribunal generará electrónicamente una notificación de deficiencia para notificarle al abogado o a la abogada.** El Juez o la Jueza que atienda el caso podrá ordenar que se realice nuevamente la presentación electrónica conforme estas Directrices Administrativas. Las deficiencias identificadas por el personal de Secretaría durante el proceso de digitalización de expedientes judiciales serán notificadas de conformidad con lo dispuesto en la Sección XIII de estas Directrices Administrativas. Véase, Directrices Administrativas, *supra*, pág. 3. (Énfasis suplido).

Según establecido mediante *In re Aprobación de los derechos arancelarios*, 192 DPR 397, 397-398 (2015), por cada demanda civil contenciosa presentada ante la Sala Superior del TPI, se pagarán $90. La excepción al pago de derechos arancelarios es cuando se trate de reclamaciones de alimentos a favor de menores. Específicamente, esa excepción aplicará solo a la parte que ejerza la custodia del menor, y a la parte que solicite alimentos entre parientes o en calidad de excónyuge.

En esa misma línea, las Directrices Administrativas, *supra*, establecen que:

> g. **La fecha del pago de derechos arancelarios, de ser esta última aplicable, constituirá la fecha de presentación en el Tribunal de la demanda o primera alegación**. Entiéndase, por lo tanto, que **la fecha de presentación de la demanda o primera alegación no**

**se retrotraerá a la fecha en que se cargó electrónicamente el documento al SUMAC**.

h. **La demanda o primera alegación se entenderá presentada** una vez el sistema emita el comprobante de presentación y genere el número del caso correspondiente, **luego de que el abogado o abogada haya completado la transacción de cargar el documento y emitir el pago de derechos arancelarios, de esto último ser aplicable.** Véase, Directrices Administrativas, *supra*, pág. 8. (Énfasis suplido).

Según la Sección XVII de las Directrices Administrativas:

Ningún documento que requiera el pago de derechos arancelarios se entenderá presentado oficialmente en el Tribunal, hasta tanto se paguen los aranceles correspondientes, de así ser requerido por ley. **La fecha de presentación en el Tribunal no se retrotraerá a la fecha en que se cargó (*upload*) electrónicamente al SUMAC el documento correspondiente**. . . . Véase, Directrices Administrativas, *supra*, pág. 22. (Énfasis suplido).

Las Directrices Administrativas, *supra*, pág. 23, también contemplan la posibilidad de problemas técnicos en la plataforma SUMAC. Sin embargo, esas directrices expresamente disponen que:

<u>**Los problemas asociados al equipo y sistemas del usuario no eximirán del cumplimiento con los términos jurisdiccionales, de estricto cumplimiento o de cualquier índole**</u> establecidos en las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal, las Reglas para la Administración del Tribunal de Primera Instancia, el Reglamento del Tribunal de Apelaciones de Puerto Rico, el Reglamento del Tribunal Supremo de Puerto Rico, en cualquier legislación aplicable, o por orden judicial.

. . . . Íd. (Énfasis y subrayado suplido).

De existir problemas técnicos con la plataforma de SUMAC, las Directrices Administrativas, *supra*, exhortan a la representación legal de una parte a presentar el escrito personalmente en la Secretaría del tribunal con competencia o lo deposite en el buzón de las presentaciones del Centro Judicial correspondiente. Además, lo anterior "deberá ocurrir antes del vencimiento del término aplicable y en el horario regular de 8:30 a.m. a 5:00 p.m.". Íd.

Asimismo, el Tribunal Supremo de Puerto Rico explica en *M-Care Compounding v. Departo. Salud*, 186 DPR 159, 177 (2012), que

"cuando el error en el pago de aranceles se debe a la parte o su abogado no se reconoce excepción[,] sino que estamos ante la situación que la ley regula: un documento que carece de los aranceles correspondientes".

A esos efectos, la Sección 5 *Ley de Aranceles de Puerto Rico*, Ley Núm. 17 del 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1481, expresa que:

> Todos y cada uno de los documentos o escritos que requieran el pago de derechos para su presentación ante el tribunal serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dicho pago esté debidamente evidenciado, conforme a las normas que a tales fines establezca el(la) Juez(a) Presidente(a) del Tribunal Supremo o la persona en quien éste(a) delegue. Íd.

Por otro lado, las Directrices Administrativas, *supra*, pág. 3, indican que cuando los representantes legales presentan un caso donde no se ha incluido el pago de arancel correspondiente, el número asignado por SUMAC es *provisional*. Por lo tanto, hasta que no se satisfagan los derechos arancelarios en su totalidad o cuando se valide la aplicación de cualquier exención de pago de derechos arancelarios, no se asignará un *número único* del caso. Íd.

**-E-**

La parte demandada puede presentar varios tipos de mociones previo a contestar la demanda incluyendo solicitudes de desestimación, para que se dicte sentencia por las alegaciones, para solicitar una exposición más definida, al igual que mociones eliminatorias. Véanse, Reglas 10.2-10.5 de Procedimiento Civil, *supra*, R. 10.2-10.5; véase, además, *Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13. En cuanto a las solicitudes de desestimación, "nuestro ordenamiento procesal civil permite que una persona solicite la desestimación de una reclamación judicial que se haya presentado en su contra, cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante".

*Costas Elena v. Magic Sport Culinary Corp., supra*; véase, además, Eagle Security Police, Inc. v. Dorado, 2023 TSPR 5, 6; *Trans-Oceaic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012). Asimismo, la Regla 10.2 de Procedimiento Civil, *supra*, establece las defensas por las cuales se puede presentar mociones de desestimación: **(1) falta de jurisdicción sobre la materia**; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable. (Énfasis suplido).

Por otro lado, es norma harta conocida que las sentencias dictadas por los tribunales deben cumplir con ciertas exigencias de forma. Específicamente, "[e]n todos los pleitos, el tribunal especificará los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda", conforme a la Regla 42.2 de Procedimiento Civil, *supra*, R. 42.2. Sin embargo, será innecesario especificar los hechos probados y consignar las conclusiones de derecho, si se cumple con una de las siguientes excepciones:

> **(a) al resolver mociones bajo las Reglas 10** ó 36.1 y 36.2, o al resolver cualquier otra moción, excepto lo dispuesto en la Regla 39.2
> (b) en casos de rebeldía;
> (c) cuando las partes así lo estipulen[;] o
> (d) cuando el tribunal así lo estime por la naturaleza de la causa de acción o el remedio concedido en la sentencia. Íd. (Énfasis suplido).

**-III-**

Según se relató, el 6 de marzo de 2023 el Hospital presentó una *Petición de Impugnación de Laudo de Arbitraje*. Ante la solicitud de desestimación presentada por la parte recurrida, el Hospital alegó que ante el error técnico de SUMAC y las instrucciones del personal asociado a SUMAC, no procedía penalizar a la parte peticionaria por el impago del arancel correspondiente. Por ello, le solicitó al foro primario

que reconociera la fecha de la *Petición de Impugnación de Laudo de Arbitraje* como la fecha de presentación, y determinara que la aludida solicitud de revisión fue presentada dentro del término de treinta (30) días para ello.

Tras un minucioso análisis de la normativa relevante y los hechos particulares, así como la totalidad del expediente de este caso, concluimos que no procede intervenir con la determinación recurrida.

Aunque el Hospital planteó cinco (5) señalamientos de error, en realidad existen solamente dos (2) controversias; a saber, (i) si el TPI tenía jurisdicción sobre la materia para poder atender y resolver el caso ante sí, y (ii) si el foro primario tenía un deber de incluir en la *Sentencia* recurrida las determinaciones de hechos que llevaron a dicho foro a desestimar el recurso de revisión.

Con relación a la primera controversia, el Hospital arguye que el TPI cambió el contenido de la declaración suscrita por la señora Castillo Ochart al mencionar en la *Sentencia* recurrida que la señora Castillo Ochart indicó que sí cancelaba sello, y excluyó que ella declaró que SUMAC no le proveyó la alternativa para pagar. Además, sostuvo la parte peticionaria que, por lo anterior, el foro primario no podía exonerar a SUMAC, pues el Hospital, en efecto, tuvo problemas para procesar el pago e incluso, SUMAC le asignó un número de caso. No obstante, consideramos la interpretación realizada por el foro primario como una razonable.

Como se expuso en la sección anterior, las Directrices Administrativas, *supra*, pág. 3, de SUMAC indican que cuando los representantes legales presentan un caso donde no se ha incluido el pago de arancel correspondiente, el número asignado por SUMAC es *provisional*. Hasta que no se satisfagan los derechos arancelarios en su totalidad o cuando se valide la aplicación de cualquier exención de pago de derechos arancelarios, no se asignará un *número único del caso*. Íd. Por ende, resulta evidente que aun cuando el Hospital alegó

que SUMAC le había asignado un número de caso, el mismo fue provisional, pues el Hospital no pagó el arancel correspondiente el 6 de marzo de 2023.

Además, en el presente caso, el foro primario expresó que, "de la declaración jurada surge que cuando el sistema preguntó si el documento estaba exento, la Sra. Castillo Ochart contestó que s[í], *refiriéndose a que si cancelaba. . . .* Esto es cónsono, con que la determinación de la Secretar[í]a del Tribunal que expresa que luego de investigar las razones por las que el recurso estaba exento, no encontraron ningunas. . .". (Énfasis suplido). Esa interpretación del foro primario es razonable, pues, aunque la señora Castillo Ochart alegó que marcó en SUMAC que el recurso de revisión cancelaba y el sistema no le proveyó la alternativa para pagar, una investigación realizada por la Secretaría del TPI expuso que la señora Castillo Ochart realmente marcó que el recurso <u>estaba exento</u> y es por ello que SUMAC no le dio la opción de pagar el arancel correspondiente.  Ello pues realmente la interrogante formulada por el sistema según surge de la declaración jurada, y que admitiría una contestación afirmativa o negativa, era si el recurso estaba exento de cancelación.

Mas importante aún, y tal y como se expuso en la sección anterior, **<u>un término jurisdiccional es fatal, improrrogable e insubsanable.</u>** *Jorge E. Martínez, Inc. v. Abijoe Realty Corp., supra*, pág. 7. En el presente caso, el Hospital tenía treinta (30) días jurisdiccionales- hasta el 6 de marzo de 2023- para presentar la *Petición de Impugnación de Laudo de Arbitraje*. En esa misma línea, las Directrices Administrativas, *supra*, pág. 23, expresamente disponen que los problemas técnicos con SUMAC **no eximen** a la parte promovente de cumplir con términos jurisdiccionales y estrictos. Aquí, el Hospital esperó al <u>último día del término jurisdiccional</u> para presentar la petición de revisión del laudo en cuestión, y ello, junto al <u>error insubsanable</u> de la señora Castillo Ochart, lamentablemente

privó al tribunal de atender el recurso. Lo cierto es que, aun frente a los intentos de la parte peticionaria para demostrar justa causa por la cual no pudo pagar el arancel correspondiente a la presentación de la aludida petición de impugnación, no hay justificación que permita al foro primario, o a este, conceder jurisdicción donde no la hay. El TPI ni este Tribunal pueden extender el periodo dispuesto para perfeccionar dicho recurso de revisión fuera del término jurisdiccional e improrrogable de (30) días.

Por otro lado, y con relación a la segunda controversia, el TPI no tenía un deber de especificar los hechos probados en la *Sentencia* recurrida, a tenor con las Reglas 10.2 y 42.2 de Procedimiento Civil, *supra*. Aun así, contrario a lo planteado por la parte peticionaria, el foro *a quo* sí explicó en la aludida *Sentencia* las razones por las que consideró que carecía de jurisdicción por lo que procedía la desestimación de la petición de impugnación del laudo obrero-patronal:

> En este caso el recurso no se perfeccionó dentro de los 30 días jurisdiccionales que, por ley, tienen las partes para presentar la revisión. . . .El Hospital es la parte promovente del recurso y es quien viene obligado a cumplir con el término de presentación, máxime cuando, como en este caso, es un término jurisdiccional. Ante este incumplimiento [e]l tribunal no tiene autoridad para atender la materia de este caso. Ante los hechos de este caso, este tribunal no tiene discreción para dar por presentado el recurso antes de que se hubiera pagado el arancel de presentación.[14]

En consideración a lo anterior, resolvemos, conforme a lo concluido por el TPI, el foro primario carece de jurisdicción sobre la materia y está vedado de atender y mucho menos resolver el caso de epígrafe.

**-IV-**

Por los fundamentos expuestos, expedimos el auto de *certiorari* solicitado a fines de confirmar la determinación recurrida.

---

[14] *Íd.*, Anejo II, pág. 9.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones