Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JUAN ORTA CRUZ<br><br>Apelante<br><br>v.<br><br>AGTE. JUAN C. RODRÍGUEZ HEREDIA Y OTROS<br><br>Apelados | KLAN202400345<br>Consolidado Con<br>KLCE202400430 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Sobre:<br>Libelo, Calumnia o Difamación; Violación de Derechos Civiles; Daños y Perjuicios<br><br>Caso Núm. GM2021CV01051 |
| JUAN ORTA CRUZ<br><br>Recurrido<br><br>v.<br><br>HON. ANTONIO LÓPEZ FIGUEROA Y OTROS<br><br>Peticionario | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Sobre:<br>Libelo, Calumnia o Difamación; Violación de Derechos Civiles; Daños y Perjuicios<br><br>Caso Número: GM2021CV01051 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2024.

El apelante, señor Juan Orta Cruz, comparece ante nos para que revoquemos la *Sentencia Parcial Enmendada* emitida por el Tribunal de Primera Instancia, Sala de Guayama, el 8 de noviembre de 2023, notificada el 14 de febrero de 2024. Mediante la misma, el foro primario, en reconsideración, decretó la desestimación parcial de una demanda sobre violación a derechos civiles, daños y perjuicios, libelo, calumnia y difamación, manteniendo vigente solo esta última causa de acción. La demanda de autos se promovió en

contra de los agentes del orden público y aquí apelados, Juan C. Rodríguez Heredia, Antonio Santiago Espada, Alex Díaz Sánchez y la Policía de Puerto Rico. Ante nos, y mediante un recurso independiente de *certiorari*, también comparece el apelado Agente Díaz Sánchez.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia Parcial Enmendada* apelada.

## I

El 23 de diciembre de 2021, el apelante presentó la demanda de epígrafe. En esencia, alegó que los aquí apelados, todos miembros de la División de Vehículos Hurtados de la Policía de Puerto Rico, llevaron a cabo un registro ilegal en un local comercial de su propiedad destinado a la operación de un taller de mecánica y venta de piezas de vehículos de motor. Como consecuencia de ello, arguyó que su arresto también fue uno contrario a ley. De igual modo, entre sus alegaciones, el apelante sostuvo que, durante la intervención en controversia, y en presencia de las personas que allí se encontraban, el apelado Agente Díaz Sánchez hizo la siguiente expresión: "Este se roba la luz".[1] A su vez, sostuvo que, mientras se efectuaba el diligenciamiento de la orden de allanamiento en controversia, este comenzó a llamar a varios de sus clientes, notificándoles que pasaran por el taller para recoger sus vehículos porque se trataba de un "negocio clandestino".[2]

El apelante sostuvo que las actuaciones de todos los apelados constituyeron serias violaciones a sus derechos civiles, así como a sus derechos propietarios, que le causaron serios daños y perjuicios y angustias mentales. Por igual, calificó las expresiones antes indicadas, alegadamente proferidas por el Agente Díaz Sánchez, como calumniosas y libelosas. Así, a tenor con sus alegaciones,

---

[1] Véase: Apéndice, Anejo 1: *Demanda*, pág. 5.
[2] *Íd.* pág. 6.

solicitó al Tribunal de Primera Instancia que declarara con lugar su demanda y ordenara a los apelados a satisfacer una suma de $800,000.00 por concepto de la compensación correspondiente.

Tras acontecidos ciertos trámites, los apelados presentaron sus respectivas mociones de desestimación en cuanto a la demanda de epígrafe. Destacamos que, el 22 de febrero de 2022, el Estado efectuó una *Comparecencia Especial en Solicitud de Desestimación*, ello sin someterse a la jurisdicción del tribunal. Tras entender sobre los antedichos pliegos, así como sobre los escritos en oposición del apelante, y luego de la celebración de una vista argumentativa, el 20 de diciembre de 2023, el Tribunal de Primera Instancia notificó una *Sentencia*. Mediante la misma, resolvió que las actuaciones de los agentes apelados, según alegado, resultaron del ejercicio de sus deberes y funciones oficiales, por lo que estos estaban cobijados por la doctrina de la inmunidad condicionada. Así, dispuso que el apelante estaba impedido de reclamarles en su carácter personal, incluyendo, ello, la causa de acción sobre difamación. De igual modo, el tribunal primario concluyó que el apelante no notificó de manera oportuna al Estado sobre la radicación del pleito de epígrafe. De este modo, declaró *Ha Lugar* todas las solicitudes de desestimación promovidas por los apelados, así como la comparecencia especial de referencia. En consecuencia, desestimó, con perjuicio, la demanda de epígrafe.

En desacuerdo, el 11 de enero de 2024, a veintidós (22) días de notificada la antedicha *Sentencia,* el apelante presentó una *Moción de Reconsideración.* El Tribunal de Primera Instancia entendió sobre la misma y, como resultado, el 14 de febrero de 2024, notificó la *Sentencia Parcial Enmendada* aquí apelada. En virtud de la misma, el foro primario modificó su previo dictamen y reinstaló la causa de acción por difamación promovida por el apelante en contra del apelado, Agente Díaz Sánchez.

No conforme con ello, 29 de febrero de 2024, el apelado, Agente Díaz Sánchez, presentó una *Moción de Reconsideración*. Mediante *Resolución* notificada el 15 de marzo de 2024, el Tribunal de Primera Instancia la declaró *No Ha Lugar*.

Inconforme con lo resuelto mediante la *Sentencia Parcial Enmendada*, el 8 de abril de 2024, el apelante compareció ante nos mediante el recurso de apelación KLAN202400345. En el mismo, y sin exponer un señalamiento de error específico, adujo que el foro primario incidió al no sostener la totalidad de las causas de acción que promovió en la demanda de epígrafe. Específicamente, afirmó que, en su gestión adjudicativa, el tribunal sentenciador no consideró que fue víctima de violaciones a sus derechos civiles y constitucionales.

Por su parte, y también en desacuerdo con parte del referido dictamen, el 12 de abril de 2024, el apelado, Agente Díaz Sánchez, compareció ante nos mediante el recurso de *certiorari* KLCE202400430. En el mismo expuso el siguiente señalamiento:

> Erró el Tribunal de Primera Instancia al concluir que las expresiones del Sargento Díaz Sánchez durante el diligenciamiento de una orden de registro y allanamiento no se encuentran protegidas por la doctrina de inmunidad condicionada, a pesar de que, tomando como ciertos los hechos bien alegados en la demanda, estas fueron realizadas durante sus funciones y, de todas formas, únicamente constituirían un acto negligente cobijado por la mencionada doctrina.

Toda vez que los comparecientes recurren de la *Sentencia Parcial Enmendada* del 14 de febrero de 2024, se provee para la consolidación de sus respectivos recursos en alzada, a tenor con lo dispuesto en la Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 80.1. Así, y luego de entender sobre los mismos, procedemos a expresarnos.

**II**

La *moción de reconsideración* constituye el mecanismo procesal que facilita al juzgador de hechos reexaminar su proceder

en cuanto a una controversia sometida a su escrutinio para que, en determinado período, resuelva si es meritorio que sea enmendado o que quede sujeto a una mayor evaluación. *Caro v. Cardona*, 158 DPR 592, 597 (2003). De este modo, los foros judiciales tienen la facultad de reconsiderar sus dictámenes, siempre que ostenten jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 748 (2023).

En lo aquí atinente, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone que, la parte adversamente afectada por una *sentencia* emitida por el Tribunal de Primera Instancia tendrá un término de quince (15) días desde la fecha de notificación de la misma, para solicitar su reconsideración mediante moción a tal fin. Conforme expresamente dicta el referido estatuto, el plazo antes indicado es uno de carácter **jurisdiccional**.

En este último contexto, sabido es que los términos jurisdiccionales son los que no están sujetos a ser interrumpidos o a que se cumplan de forma tardía. *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012). Contrario a los de cumplimiento estricto, estos son fatales, improrrogables e insubsanables, rasgos que explican por qué no pueden acortarse, como tampoco extenderse. *Con. Tit. 76 Kings Court v. MAPFRE*, 208 DPR 1027 (2022); *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 208 (2017). De ahí que su incumplimiento priva al tribunal de autoridad para adjudicar el asunto que se intenta traer ante su consideración. *Con. Tit. 76 Kings Court v. MAPFRE*, supra; *Domínguez et als. v. ELA et al.*, supra, págs. 208-209.

Los términos jurisdiccionales, o fatales, se denominan como tal "porque transcurren inexorablemente, no importa las consecuencias procesales que su expiración provoque". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis de Puerto Rico, 2017, pág.

234. Por ello, nuestro Tribunal Supremo ha llamado la atención hacia "las graves consecuencias que acarrea el determinar que un término es de naturaleza jurisdiccional". *Cruz Parrilla v. Depto. Vivienda*, supra, pág. 403-404. Esta es la razón por la cual, tal calificativo "debe surgir claramente la intención legislativa del legislador de imponerle esa característica al término". *Cruz Parrilla v. Depto. Vivienda*, supra; *Con. Tit. 76 Kings Court v. MAPFRE*, pág. 1028.

**III**

En la presente causa, tanto el apelante, Orta Cruz, como el apelado, Agente Díaz Sánchez, impugnan, mediante sus respectivos recursos en alzada, los términos de la *Sentencia Parcial Enmendada* del 14 de febrero de 2024. No obstante, intimamos que una cuestión medular de carácter procesal nos impone el deber de dejar sin efecto el referido dictamen y, en consecuencia, de reinstalar aquel emitido previamente, por haber sido reconsiderado contrario a derecho.

Mediante la *Sentencia* del 20 de diciembre de 2023, el Tribunal de Primera Instancia desestimó, con perjuicio, la demanda de epígrafe. Ahora bien, el 11 de enero de 2024, el apelante presentó una *Moción de Reconsideración*. Dicha gestión se efectuó a veintidós (22) días de notificada la *Sentencia* y en claro exceso del término de quince (15) días jurisdiccionales estatuido por la Regla 47, *supra*, para actuar de conformidad. En específico, la solicitud de reconsideración se presentó a siete (7) días de vencido el plazo jurisdiccional de quince (15) días, por lo que, a la luz de la norma antes esbozada, toda vez su carácter fatal, y las consecuencias procesales de su expiración, el Tribunal de Primera Instancia estaba impedido de atenderla. Como resultado, el tribunal primario estaba obligado a no entender sobre la misma, puesto que, la falta del apelante, ello en cuanto a no actuar de manera oportuna, sustrajo la autoridad del tribunal para poder atender sus méritos. Por tanto,

al disponer de la *Moción de Reconsideración* en controversia y, como resultado, al reconsiderar la *Sentencia* del 20 de diciembre de 2023, el Tribunal de Primera Instancia actuó sin jurisdicción.

Sabido es que una sentencia se considera nula cuando el tribunal actuó sin jurisdicción o cuando se quebrantó el debido proceso de ley de alguna de las partes. *García Colón et al. v. Sucn. González,* 178 DPR 527, 543 (2010). Ante ello, se reconoce que "si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". *Íd.,* 543-544. Siendo así, por concurrir la causa de falta de jurisdicción del tribunal primario, nos vemos precisados en decretar la nulidad de la *Sentencia Parcial Enmendada* del 14 de febrero de 2024. De este modo, únicamente procede revocar la misma y reinstalar lo resuelto mediante la *Sentencia* del 20 de diciembre de 2023.

Adoptar la postura emitida en el disenso a lo aquí resuelto por la mayoría del Panel, implicaría que nuestra función se limite solo a declarar nuestra falta de jurisdicción en el caso, quedando privados, incluso, de decretar la nulidad de la *Sentencia* apelada. Lo anterior, propendería a sostener la validez de un dictamen que carece de eficacia legal sobre los respectivos derechos y obligaciones de las partes. Nuestro ordenamiento jurídico es enfático al sostener que, ante una falta de jurisdicción, los tribunales solo podemos, sin más, declarar que carecemos de autoridad para intervenir. El disenso emitido por la compañera Jueza del Panel, llega a la conclusión de que no tenemos jurisdicción para entender sobre el recurso de autos. Sin embargo, culmina el mismo, decretando la nulidad de la *Sentencia* apelada, pronunciamiento que, en estricto derecho, está vedado.

## IV

Por los fundamentos que anteceden, se revoca la *Sentencia Parcial Enmendada*. Se ordena la reinstalación de los términos de la *Sentencia* notificada el 20 de diciembre de 2023.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez disiente mediante voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JUAN ORTA CRUZ<br><br>Apelante<br><br>v.<br><br>AGTE. JUAN C. RODRÍGUEZ HEREDIA Y OTROS<br><br>Apelados | KLAN202400345<br>Consolidado Con<br>KLCE202400430 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Sobre:<br>Libelo, Calumnia o Difamación; Violación de Derechos Civiles; Daños y Perjuicios<br><br>Caso Núm. GM2021CV01051 |
| JUAN ORTA CRUZ<br><br>Recurrido<br><br>v.<br><br>HON. ANTONIO LÓPEZ FIGUEROA Y OTROS<br><br>Peticionario | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Sobre:<br>Libelo, Calumnia o Difamación; Violación de Derechos Civiles; Daños y Perjuicios<br><br>Caso Número: GM2021CV01051 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

## VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ

### I.

El 20 de diciembre de 2023, el Tribunal de Primera Instancia dictó Sentencia desestimando con perjuicio la Demanda, presentada por el Sr. Juan Orta Cruz.

El 11 de enero de 2024, el demandante presentó una solicitud de reconsideración tardía cuestionando los fundamentos de la Sentencia emitida.



Así las cosas, el foro primario, sin jurisdicción, a mi entender reconsideró su Sentencia y el 14 de febrero de 2024 emitió una

Sentencia Parcial Enmendada. En esta declaró ha lugar la *Moción de Desestimación* presentada por el Agente Juan C. Rodríguez Heredia y el Sargento Antonio Santiago Espada, así también, la *Comparecencia Especial en Solicitud de Desestimación* presentada por el Estado Libre Asociado de Puerto Rico. Por el contrario, declaró no ha lugar de manera parcial, la *Moción de Desestimación* presentada por el Sargento Alex R. Díaz Sánchez, prevaleciendo la causa de acción por sus expresiones públicas, imputándole el hurto de la luz al demandante. Cabe señalar que este último presentó moción de reconsideración a la reinstalación de la causa de acción en su contra alegando que sus actos fueron todos en su carácter oficial.

El 4 de marzo de 2024, el demandante presentó nuevamente una *Moción de reconsideración* tardía, esta vez cuestionando la desestimación contra el ELA. Finalmente, el 15 de marzo de 2024, el TPI declaró no ha lugar la solicitud de reconsideración del Sargento Alex R. Díaz Sánchez. En igual fecha reconoció que la reconsideración del demandante era tardía y la declaró fuera de término.

El 8 de abril del año en curso, el demandante presentó ante el Tribunal de Apelaciones el recurso que nos ocupa. Por su parte, el Sargento Alex R. Díaz Sánchez, por conducto de la Oficina del Procurador General, presentó un recurso de certiorari solicitando la desestimación de la Demanda en su contra con o sin perjuicio.



## II.

Como asunto de umbral, el primer aspecto a evaluar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o

controversias que tiene ante sí. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022).

La razón para ello es que un tribunal sin jurisdicción está impedido de atender los méritos de la controversia. *Oriental Bank v. Registrador*, 209 DPR 384, 390 (2022); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2024).

Por otro lado, la parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia. ... 32 LPRA Ap. V, R. 47. La moción de reconsideración es el "mecanismo que provee nuestro ordenamiento para permitir que un tribunal modifique su fallo y enmiende o corrija los errores en que haya incurrido". *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 748 (2023); *Interior Developers v. Mun. de San Juan*, 177 DPR 693, 701 (2009).

Un término jurisdiccional, como en este caso, el de la presentación de una moción de reconsideración, es uno fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse. *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 807 (2008); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); R. Hernández Colón, *Derecho Procesal Civil*, San Juan, Ed. Michie, 1997, págs. 154-155.

De igual manera, los recursos de apelación al Tribunal de Apelaciones para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V., R. 52.2 (a). En aquellos casos en que el Estado Libre Asociado de Puerto Rico y los municipios, sus

funcionarios(as) o una de sus instrumentalidades, excluyendo a las corporaciones públicas, sean parte en un pleito, el recurso de apelación para revisar sentencias del Tribunal de Primera Instancia o el recurso de certiorari para revisar discrecionalmente las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación, deberán ser presentados por cualquier parte en el pleito perjudicada por la sentencia o la resolución, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida. 32 LPRA Ap. V, R. 52.2 (c).

### III.

La primera Sentencia que dispuso en su totalidad de las causas de acción presentadas por el demandante se notificó el 20 de diciembre de 2023. No es hasta el 11 de enero de 2024 que el señor Orta Cruz presenta una inoportuna moción de reconsideración, pues fue radicada en exceso del término jurisdiccional de 15 días. Por lo tanto, dicha moción no interrumpió el término para acudir en revisión ante el Tribunal de Apelaciones. Habiéndose notificado la Sentencia el 20 de diciembre de 2023, aquella parte que quisiera presentar un recurso de apelación tenía hasta el 19 de febrero para presentar su recurso ante este foro. El señor Orta Cruz presentó su recurso el 8 de abril del año en curso, por lo que no tenemos jurisdicción para atender la apelación en sus méritos.



Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Cuando un tribunal emite un dictamen sin jurisdicción, ello acarrea su nulidad. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Por tal razón, no puedo suscribir el dictamen revocatorio de la opinión mayoritaria.

La ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Por otro lado, el Sargento Díaz Sanchez presentó su recurso el 12 de abril de 2024. De igual manera, a mi entender, este tribunal no ostenta jurisdicción para atender este recurso en sus méritos. Al ser final y firme la Sentencia emitida el 20 de diciembre de 2023, todos los dictámenes posteriores que el TPI haya emitido son nulos, por lo que desestimaría ambos recursos ante su presentación tardía. En San Juan, Puerto Rico, a 27 de junio de 2024.

Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones