ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARIO EMMANUELLI RULLÁN<br><br>Peticionario<br><br>V.<br><br>MUNICIPIO DE GUAYANILLA<br>RAÚL RIVERA, ALCALDE<br><br>Recurridos | KLCE202400691 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: PO2023CV03560<br><br>Sobre:<br><br>Petición de Orden |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece ante nosotros el Sr. Mario Emmanuelli Rullán (parte peticionaria o señor Emmanuelli Rullán) y solicita la revocación una denominada en el escrito como Resolución emitida el 25 de abril de 2024[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Por medio de esa decisión, informa que el foro primario declaró *Ha Lugar* a la Solicitud de Desestimación que presentó el Municipio de Guayanilla y su alcalde Hon. Raúl Rivera Rodríguez, con la cual se denegó la *Solicitud de Petición de Cumplimiento de Ordenanza*.

En la *Petición de Certiorari*, que es lo aquí presentado, no surge que el señor Emmanuelli Rullán haya enviado copia de este recurso a las demás partes que participaron en esta controversia que atendió el TPI, ni tampoco surge que notificó al TPI.

---

[1] Dicha Resolución no se acompaña al Escrito. No obstante, en nuestra función revisora revisamos en el sistema SUMAC para obtener copia de los documentos.

Número Identificador

SEN2024_____

A su vez, el peticionario no presentó los índices y en lo que aparenta ser un apéndice, no incluyó ninguno de los documentos que presentó o de los que recibió del Tribunal de Primera Instancia. No presentó ni siquiera la Sentencia que desestimó el caso ni la Resolución a la que hace referencia en el escrito que presentó. Ante ello, y a los fines de revisar nuestra jurisdicción, nos vimos en la necesidad de tomar conocimiento judicial del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B.

De los documentos evaluados, advertimos, en primer lugar, que la determinación cuya revisión nos solicita se trata de una Sentencia. Por tanto, acogemos la presente acción como una Apelación, en lugar de *certiorari*, conservando el alfanumérico otorgado en la Secretaría de este Tribunal de Apelaciones.

Por los fundamentos que exponemos, desestimamos el presente recurso.

**I.**

El peticionario en su escrito, menciona frases de la Sentencia que desestimó el caso, pero nunca incluyó copia de esta como parte del Recurso. Aun así, como adelantáramos, revisamos en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), que es el sistema implantado por virtud de la Regla 67.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.6, y procedemos a reseñar el tracto procesal, veamos:

El 29 de noviembre de 2023 el Sr. Mario Emmanuelli Rullán presentó una reclamación contra el Municipio de Guayanilla y su Alcalde, Hon. Raúl Rivera Rodríguez, en la cual alega dirigirse al Tribunal como un ciudadano preocupado de cierta situación con

unos negocios ambulantes. Solicitó que se tomaran medidas para hacer cumplir la Ordenanza #9 Serie 2021/2022, y otras disposiciones para el cese de operaciones y remoción de negocios ambulantes ubicados en la orilla de una carretera estatal.[2]

El 19 de diciembre de 2023, el Municipio de Guayanilla y su Alcalde, Hon. Raúl Rivera Rodríguez presentaron una solicitud de desestimación.[3] El foro primario le concedió término a la parte demandante para que se expresara y este presentó su posición. El 25 de abril de 2024 y notificada el 30 de abril, el foro primario desestimó la acción de petición de orden instada por el Sr. Mario Emmanuelli Rullán.[4]

En desacuerdo, el 8 de mayo de 2024 el peticionario presentó una Moción en Solicitud de Reconsideración y Solicitando Prórroga. Allí solicitó un término de treinta (30) días para sostener su solicitud de reconsideración.[5] Así las cosas, el 22 de mayo de 2024, a los **veintidós (22) días** de notificada la sentencia, el señor Emmanuelli Rullán presentó la Moción de Reconsideración.[6]

El 8 de mayo, notificada el 22 de mayo de 2024 el foro primario declaró ***No Ha Lugar*** la solicitud para prorrogar el término jurisdiccional para presentar reconsideración sobre la Sentencia dictada, a tenor con la Regla 47 de Procedimiento Civil.[7] Asimismo, el 23 de mayo de 2024 el TPI dictó una *Resolución sobre Reconsideración*, para declarar *No Ha Lugar* a la Moción de Reconsideración. Adujo que, "fue presentada fuera del término jurisdiccional de 15 días que dispone la Regla 47 de las de Procedimiento Civil."[8]

---

[2] SUMAC, entrada 1.
[3] SUMAC, entrada 7.
[4] SUMAC, entrada 11.
[5] SUMAC, entrada 12.
[6] SUMAC, entrada 13.
[7] SUMAC, entrada 14.
[8] SUMAC, entrada 15.

El 24 de junio de 2024, a **los cincuenta y cinco (55) días** de notificada la sentencia, el señor Emmanuelli Rullán presentó el recurso que revisamos. Como vemos, a esa fecha, ya había transcurrido el término jurisdiccional de treinta (30) días para acudir a nuestro foro. Por ello, carecemos de jurisdicción para atender el recurso.

A continuación, exponemos la normativa que fundamenta nuestra determinación.

## II.

## A.

La jurisdicción "[e]s el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración". Metro Senior v. AFV, 209 DPR 203 (2022); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020). Por ello, el primer factor para considerar en toda situación jurídica que se presente ante un foro adjudicativo es precisamente el aspecto jurisdiccional. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 233–234 (2014). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, el foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015); Souffront v. A.A.A., 164 DPR 663, 674 (2005). Si el tribunal no tiene jurisdicción debe desestimar la reclamación sin entrar en sus méritos. Metro Senior

v. AFV, *supra*; Beltrán Cintrón et al. v. ELA et al., *supra*, pág. 102; Torres Alvarado v. Madera Atiles, *supra*, pág. 501.

**B.**

El Reglamento del Tribunal de Apelaciones, junto a otras reglas y leyes, regula el trámite y perfeccionamiento de los recursos apelativos. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 104 (2013). Reiteradamente el Tribunal Supremo ha expresado que las normas sobre el perfeccionamiento de los recursos ante el Tribunal de Apelaciones deben observarse rigurosamente. Lugo v. Suárez, 165 DPR 729, 737 (2005). La existencia de un conjunto de normas que regulan la práctica apelativa puertorriqueña implica, en esencia, que, aunque haya derecho a apelar, las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. Pérez Soto v. Cantera Pérez, Inc. et al., *supra*, págs. 104-105. Entre los requisitos para perfeccionar el recurso apelativo se encuentran la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones, lo que incide en la jurisdicción del tribunal. *Id.* La ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal. *Id*.

Cónsono a lo anterior, la Regla 52.2 (a) de las de Procedimiento Civil de Puerto Rico, dispone que los recursos de apelación para revisar sentencias ante este Tribunal deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V, R. 52.2. Este término se puede interrumpir por la oportuna presentación de una moción de reconsideración a tenor con la Regla 47 de dicho cuerpo de reglas. Regla 52.2 (e) (2) de Procedimiento Civil, *supra*.

La mencionada Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, en lo pertinente dispone, que:

> […]
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del **término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia**, presentar una moción de reconsideración de la sentencia.
> […]

La Regla 47 es una herramienta que permite que el foro adjudicativo enmiende o corrija los errores incurridos al dictar una sentencia, resolución u orden. Simons y otros v. Leaf Pretroleum Corp., 209 DPR 216 (2022). La presentación de la moción de reconsideración repercute en la interrupción automática del término para invocar el socorro de un foro revisor. A tenor con la norma procesal, la parte promovente de la solicitud de reconsideración tendrá el término de quince días contado desde la fecha en que el tribunal archive en autos copia de la notificación de la sentencia, resolución u orden. Cuando el dictamen es una sentencia, **el término es jurisdiccional** y si son resoluciones u órdenes, el plazo es de cumplimiento estricto. Simons y otros v. Leaf Pretroleum Corp., 209 DPR 216 (2022); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 731 (2016); Morales y otros v. The Sheraton Corp., 191 DPR 1, 7 (2014).

Precisa advertir que el ordenamiento jurídico establece que "un término jurisdiccional es fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse". Martínez, Inc. v. Abijoe Realty Corp., 151 DPR 1, 7 (2000); Véase, además, Insular Highway v. A.I.I. Co., 174 DPR 793, 805-806 (2008)

El Tribunal Supremo ha reiterado que el término para presentar una moción de reconsideración, "es jurisdiccional y su

transcurso tiene el efecto de impedir que el tribunal pueda considerarla." Insular Highway v. A.I.I. Co., supra; J.P. v. Frente Unido I, 165 DPR 445 (2005). Así pues, no hay duda de que el término de quince días para presentar una moción de reconsideración es jurisdiccional y, por lo tanto, fatal e improrrogable. Insular Highway v. A.I.I. Co., supra, pág. 807.

A su vez, la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, establece que las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia.

Vemos que, la Regla 13 requiere la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones y su notificación a las partes. Ambos aspectos inciden en la jurisdicción del tribunal. Pérez Soto v. Cantera Pérez, Inc. et al., supra, pág. 105. El Tribunal Supremo ha reiterado que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia. Ruiz Camilo v. Trafon Group, supra. Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Íd. En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Íd. Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos. Íd.

**III.**

De los hechos que informa esta causa surge que el 25 abril de 2024, el TPI dictó sentencia mediante la cual declaró *Ha Lugar* la Solicitud de desestimación que presentó el Municipio de Guayanilla y su Alcalde.  La referida sentencia fue notificada el día 30 de abril de 2024.  A partir de la fecha de notificación, el señor Emmanuelli Rullán disponía de un término jurisdiccional de **quince (15)** días, hasta el **15 de mayo de 2024**, para solicitar reconsideración, o de treinta (30) días jurisdiccionales, **hasta el jueves treinta (30) de mayo de 2024** para presentar un recurso de apelación ante este foro intermedio.

Según confirmamos en SUMAC, el señor Emmanuelli Rullán presentó una Moción de Reconsideración el 22 de mayo de 2024, a esta fecha ya había expirado el término jurisdiccional de quince (15) días para pedir reconsideración.  Aun cuando este solicitó prórroga el 8 de mayo de 2024, por tratarse de un término jurisdiccional no admite prórrogas.  Por tanto, su solicitud de reconsideración tenía que presentarse en o antes del 15 de mayo de 2024.  Al no quedar interrumpido el término, el señor Emmanuelli Rullán disponía de treinta (30) días, a partir de la notificación de la sentencia para presentar el recurso de apelación, tal como lo establece la Regla 52.2(a) de Procedimiento Civil y la Regla 13(A) de nuestro Reglamento.  Referido término venció el 30 de mayo de 2024, no obstante, el peticionario presentó el recurso el 24 de junio de 2024, **cincuenta y cinco (55) días** después de notificada la sentencia.  Como el recurso se presentó de manera tardía, carecemos de jurisdicción para atenderlo.  Por lo antes expuesto, no podemos asumir jurisdicción en presente causa.

## IV.

Conforme con lo antes expuesto, se desestima la acción por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones