Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| MANUEL A. FELICIANO TORO<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500264 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Núm. PA-39-25 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de junio de 2025.

El 6 de mayo de 2025, el señor Manuel A. Feliciano Toro, ("parte recurrente"), presentó el recurso de epígrafe ante este Tribunal. Nos solicita que, "haga[mos] cumplir la Sentencia dictada por el Honorable Juez Superior Migue R. Alameda Ramírez".

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

***-I-***

En su recurso el señor Feliciano Toro presenta un relato a los efectos que recurrió ante el Departamento de Corrección y Rehabilitación ("DCR") para que "hagan cumplir la Sentencia dictada por el Honorable Juez Superior Miguel R. Alameda Ramírez". Examinado el recurso, el 22 de mayo de 2025 emitimos *Resolución* solicitando al recurrente presentar, debidamente cumplimentada y firmada, una solicitud para litigar *in forma pauperis* o en su defecto los aranceles correspondientes a la presentación del recuro. El recurrente no cumplió con lo ordenado. Además, concedimos término al DCR para presentar copia

certificada del expediente administrativo y el alegato en oposición al recurso. El 2 de junio de 2025 el DCR cumplió nuestra petición a través de la Oficina del Procurador General, presentó un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. El Procurador General asevera en su alegato que, carecemos de jurisdicción para atender los méritos del presente recurso. Esto porque el término para presentar el presente recurso expiró mucho antes de la comparecencia de la parte recurrente.

Conforme surge del expediente, el sello oficial de la institución correccional Ponce Adultos 1000 arroja que, el recurrente presentó su recurso el 28 de abril de 2025. De los anejos del recurso se puede deducir que el recurrente pretende revisar la *Respuesta* de la División de Remedios del DCR surgida a raíz de su *Solicitud de Remedios Administrativos* presentada el 28 de enero de 2025 y enumerada PA-39-25. La respuesta, con fecha del 17 de marzo de 2025 y suscrita por la Sra. Limarys Lugo Pagán, evaluadora de la Oficina de Ponce, remitió a su vez como Anejo la *Respuesta del Área Concernida/Superintendente* suscrita por el Sr. Carlos Velázquez Pacheco, Técnico de Récord Penal de la Institución Penal de Ponce Adultos 1000, quien consignó la siguiente respuesta:

> El 30 de enero de 2025 se le entrega nueva Hoja de Control sobre Liquidación de sentencia conforme nueva sentencia recibida por tent. Art. 157 C. P., Art. 255, 268 y 269 C.P. concurrentes entre sí y concurrente con cualquier otra que est[é] cumpliendo. Por lo que aplica la jurisprudencia Buscaglia; sentencias concurrente [s] dictadas en fechas diferentes en la que procede a liquidar la sentencia mayor.

Conforme surge del expediente administrativo y su certificación, no hay evidencia de presentación de una *Solicitud de Reconsideración* en torno a la *Respuesta* arriba citada. El recurrente tampoco anejó documento alguno a esos efectos.

Procedemos a resolver con el beneficio de la comparecencia de las partes, el contenido del expediente administrativo y el derecho aplicable.

### *-II-*

### *-A-*

La sección 4.2 de la LPAU, 3 LPRA sec. 9672, establece que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Sabido es que, un término jurisdiccional —contrario a uno de cumplimiento estricto— es **fatal, improrrogable e insubsanable,** rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse. *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Solamente los de cumplimiento estricto, no los jurisdiccionales, pueden eximirse por causa justificada oportunamente invocada. *Íd.*

Los tribunales están llamados a velar por su jurisdicción. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012). Por tal razón, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Yumac Home v. Empresas*

*Massó,* 194 DPR 96, 103 (2015); *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012); *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005). Por ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings, supra,* págs. 233-234; *Cordero et al. v. ARPe et al., supra,* pág. 457; *Cruz Parrilla v. Depto. Vivienda,* 184 DPR 393, 403 (2012).

Es norma firmemente establecida que no tenemos discreción para asumir jurisdicción donde no la hay. *Horizon v. Jta. Revisora, RA Holdings, supra,* pág. 269. Por ello, la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogarse la jurisdicción que no tiene. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009); *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 326 (1997); *Vázquez v. ARPe,* 128 DPR 513, 537 (1991).

Por otro lado, un recurso tardío, priva de jurisdicción al tribunal al cual se recurre. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). Su presentación carece de eficacia, por lo que no produce efecto jurídico alguno. Ello es así, puesto que, en el momento que fue presentado no había autoridad judicial para acogerlo. *Íd.* Así, un tribunal que carece de jurisdicción sólo tiene autoridad para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc., supra,* pág. 268. La Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1), nos autoriza a desestimar un recurso cuando carezcamos de jurisdicción para atenderlo.

### -III-

Conforme surge del expediente administrativo provisto por el Procurador General, el 20 de marzo de 2025 el recurrente recibió

una Respuesta a la Solicitud de Remedios Administrativos que presentó el 28 de enero de 2025. No surge del expediente que el recurrente presentara una reconsideración a la respuesta notificada.

Una vez notificada la respuesta, la parte recurrente contaba con el término jurisdiccional de 30 días para solicitar la revisión judicial dispuesta en la sección 4.2 de la LPAU. Véase, Sec. 3.15, LPAU, 3 LPRA sec. 9655. El término de 30 días para presentar el recurso de revisión judicial comenzó a transcurrir un día después de notificada la respuesta, y expiró el 21 de abril de 2025. Por tanto, conforme argumentado por el Procurador General, el recurso de revisión judicial presentado por la parte recurrente el 6 de mayo de 2025, fue presentado tardíamente, esto es, después de transcurrir el término dispuesto en ley para presentarlo. El recurso de revisión judicial de la parte recurrente sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción, por tardío, y lo único que podemos hacer es así declararlo y desestimar.

En virtud de lo anterior, resolvemos que, carecemos de jurisdicción para atender los recursos de revisión administrativa ante nuestra consideración.

*-IV-*

Por los fundamentos previamente expuestos, declaramos "ha lugar" la desestimación solicitada por el Procurador General y *desestimamos* la presente *Revisión Judicial* por falta de jurisdicción, por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones