ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ALBERTO RODRÍGUEZ AGRÓN<br><br>Parte Apelada<br><br><br>v.<br><br><br>MARILYN VELÁZQUEZ PEREA<br><br>Parte Apelante | TA2025AP00078 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Caso Núm.: AÑ2024CV00359<br><br><br>Sobre: Desahucio en precario |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de julio de 2025.

Comparece ante este Tribunal la parte apelante, Sra. Marilyn Velázquez Perea (en adelante, "señora Velázquez Perea" o "Apelante"), mediante recurso de apelación presentado el 3 de julio de 2025. Nos solicita la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Añasco (en adelante, "TPI"), el 3 de abril de 2025, notificada y archivada en autos el 7 de abril del mismo año.

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso por haberse presentado de forma tardía.

**I.**

El presente caso inició con la presentación de una **"Demanda"** por parte del Sr. Alberto Rodríguez Agrón (en adelante, "señor Rodríguez Agrón) en contra de la Apelante, mediante la cual solicitó el desahucio de esta última de una propiedad ubicada en la Urbanización Valle Real del Municipio

de Añasco. Tras varios trámites procesales, se celebró juicio el 1 de abril de 2025.

Luego de haber escuchado y aquilatado la prueba presentada, el 3 de abril de 2025, el TPI dictó la *Sentencia* apelada en la que declaró "Con Lugar" la "**Demanda**" que nos ocupa. En consecuencia, ordenó el desalojo de la señora Velázquez Perea de la aludida propiedad en un término de treinta (30) días.

Inconforme con la Sentencia, la Apelante presentó "**Moción en Solicitud de Reconsideración y/o Relevo de Sentencia conforme a la Regla 49.2 de Procedimiento [Civil]**", la cual fue declarada No Ha Lugar por el TPI.

Posteriormente compareció la Apelante ante este Foro Revisor, mediante recurso de Apelación, con el alfanumérico KLAN202500447[1], atendido por este mismo panel, donde resolviéramos desestimar el recurso ya que la sentencia adolecía de un defecto que no le daba finalidad a la misma ya que de dicha determinación no se desprendía que el foro apelado hubiera impuesto una fianza, de conformidad con el Artículo 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2832, o que hubiera efectuado una determinación de insolvencia. En consecuencia, el recurso resultaba prematuro, ya que el término para recurrir no había comenzado a decursar.

Así las cosas, el 3 de junio de 2025, el TPI ordenó la consignación de una fianza de $100.00, la cual fue depositada por la Apelante el día 10 de junio de 2025.

Posteriormente, el 3 de julio de 2025, acude la Apelante ante este Tribunal reproduciendo los errores señalados en el recurso que fuera desestimado, a saber:

> ERRÓ EL TPI AL VIOLENTAR EL DEBIDO PROCESO DE LEY DE LA DEMANDADA.

---

[1] Sentencia del 20 de mayo de 2025 – KLAN202500447.

ERRÓ EL TPI AL ANOTARLE LA REBELDÍA A LA PARTE DEMANDADA, A PESAR DE HABER COMPARECIDO E INFORMADO SU SITUACIÓN CON LA BÚSQUEDA DE REPRESENTACIÓN LEGAL.

ERRÓ EL TPI AL DECLARAR HA LUGAR LA DEMANDA DE DESAHUCIO, EXISTIENDO UNA COMUNIDAD DE BIENES ENTRE LAS PARTES.

Según explicaremos a continuación, el proceso judicial del desahucio conlleva un trámite expedito distinto a lo que sería la regla general en los términos jurisdiccionales. Y aunque en el otrora recurso que fuera desestimado, los términos no comenzaron a contar por la ausencia de la fianza en apelación, en el proceso actual, la puerta de entrada a este Foro Revisor quedó irremediablemente cerrada por la tardanza de la apelante.

-II-

A.

El trámite procesal sumario de desahucio surge de los artículos 620 a 634 del Código de Enjuiciamiento Civil (Código)[2]. En lo pertinente al caso de marras, el Art. 629 del Código establece un término jurisdiccional de cinco (5) días para que la parte perjudicada por la sentencia de desahucio presente un recurso de apelación.

B.

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[3] Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto

---

[2] 32 LPRA sec. 2831 *et. seq.*
[3] *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018). Véanse, además: *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

jurisdiccional.[4] Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción.[5]

Así pues, reafirma el TSPR "[…] que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse de manera preferente.[6] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[7]

Por definición, un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito.[8] En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse.[9] Asimismo, [el TSPR ha] expresado que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia.[10] En síntesis, no tenemos discreción para asumir jurisdicción donde no la hay.[11]

Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío

---

[4] *Id.*, pág.268; *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al., supra*, pág.457; *Cruz Parrilla v. Depto. Vivienda, supra*, pág.403.

[5] *Id.; Cordero et al. v. ARPe et al., supra*, pág.457.

[6] *Id.; Mun. de San Sebastián v. QMC Telecom, supra*, pág.660; *Horizon v. Jta. Revisora, RA Holdings, supra,* pág.234; *Cordero et al. v. ARPe et al., supra*, pág.457.

[7] *Id.; Shell v. Srio. Hacienda, supra*, pág. 123; *Yumac Home v. Empresas Massó, supra*, pág. 103; *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

[8] *Id.*, pág.268.

[9] *Id.; Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Caro v. Cardona*, 158 DPR 592, 608 (2003); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

[10] *Id.*, págs.268-269; Véase, además, *Shell v. Srio. Hacienda, supra*, pág.123.

[11] *Id.*, pág.269; *Yumac Home v. Empresas Massó, supra*, pág.103; *Mun. de San Sebastián v. QMC Telecom, supra*, pág.660; *Shell v. Srio. Hacienda, supra*, pág.123; *Souffront v. A.A.A., supra*, pág.674.

TA2025AP00078

o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[12] Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo.[13]

En lo pertinente al asunto ante nuestra consideración, el TSPR ha expresado lo siguiente:

[…]

> Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.[14]

En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.[15] Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos.[16]

## -III-

Según hicimos constar en el recuento procesal, en el caso ante nuestra consideración el foro primario notificó a las partes la fianza a depositarse para apelar el día 3 de junio de 2025. En esencia, al realizar dicha determinación, el TPI subsana el defecto que tuvo la Sentencia en sus inicios, y establece la fecha de notificación para el comienzo del término para apelar la Sentencia.

---

[12] *Id.; Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[13] *Id.*
[14] *Yumac Home v. Empresas Massó, supra,* pág.107.
[15] *Ruiz Camilo v. Trafon Group, Inc, supra; Mun. de San Sebastián v. QMC Telecom, supra*, pág.660.
[16] *Id.; S.L.G. Szendrey-Ramos v. F. Castillo, supra*, pág.883.

Conforme al derecho antes citado, la Apelante tenía un término de 5 días para acudir ante este foro revisor. Es decir, el término de 5 días para presentar el recurso de apelación vencía el 10 de junio de 2025.[17] Sin embargo, no fue hasta el 3 de julio de 2025 que la Apelante presentó su escrito de apelación, habiendo transcurrido en exceso el término jurisdiccional de cinco (5) días provistos en el Art. 629 del Código de Enjuiciamiento Civil. Por tanto, nos encontramos sin jurisdicción para atenderlo.

Aún si utilizáramos nuestra creatividad judicial para entender que el término comenzaría luego de la consignación de la fianza, lo cual no adoptamos como derrotero adjudicativo, aún estaría tardía la presentación del recurso de apelación.

-IV-

Por los fundamentos antes expuestos, procede la desestimación del recurso de apelación por falta de jurisdicción, por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[17] No se contabilizan el sábado ni el domingo.